Peter J. McQuillan, J.
Defendant and a codefendant were indicted on July 19, 1972, for possession of weapon as a felony, reckless endangerment in the first degree, and resisting arrest. On January 23, 1973, each pleaded guilty to the Class E felony of attempted possession of a weapon as a felony. On February 20, 1973, the codefendant was sentenced to the custody of the State Department of Correctional Services for an indeterminate period of imprisonment having a maximum term of three years. The defendant was sentenced to probation for a period of five years (Penal Law, § 65.00, subd. 3).
The defendant, being under a sentence of probation, is in the “legal custody” of this court pending expiration or termina *500 tion of the period of the sentence. The Probation Department serving this court has the duty of supervising the defendant during the period of such “ legal custody ” (CPL 410.50, subds. 1, 2).
On August 8, 1974, the Principal Probation Officer submitted to me a form application which reads in part: “I hereby apply for a Bench Warrant in the case of Angel Amaro.” There then appears this rubber-stamped indorsement: ‘ ‘ The Probationer is hereby Declared Delinquent — in accordance with Sec. 65.15 P. L.” Below that indorsement appears the following: “ Violation of Probation. Aug. 2, 1974: On July 25, 1974 Amaro was arrested charged with Criminally Selling a Controlled Substance in the Third Degree. Police Officer Rienenschneiser, NSNA, alleges that on June 24, 1974 and June 25, 1974, at the corner of 3rd Street and Avenue C, New York City, a man [sic: Amaro?] sold to a police officer of the N. Y. C. Police Department heroin for a .sum of TI. S. currency. On July 30, 1974, he was paroled in Manhattan Criminal Court and a hearing was set for August 20, 1974.”
The aforesaid ex parte application that the defendant be declared delinquent and that a bench warrant be issued for violation of probation is denied.
Except for certain prescribed cases, article 60 of the Penal Law authorizes the imposition of a sentence of probation upon a defendant convicted of a crime. Since it is a revocable sentence, it is tentative to the extent that it may be altered or revoked in accordance with law. For example, subdivision 2 of section 65.00 of the Penal Law provides that, if the defendant commits an additional offense, the court may revoke the sentence at any time prior to the expiration or termination of the period of probation (see, also, CPL 410.10, subd. 2).
When a defendant is charged with a violation of a condition of probation and is declared delinquent by the court, the declaration of delinquency interrupts the period of the sentence until the violation charge has been determined by the court in accordance with law (Penal Law, § 65.15, subd. 2). The sole purpose of the declaration is to extend the probationary period.
The sentencing court may declare a probationer delinquent only when 1 * the court has reasonable cause to believe that the defendant has violated a condition of the sentence ” (CPL 410.30). Evidence that the probationer has been arrested for a new offense, by itself, is always legally insufficient to support the filing of a declaration of delinquency.
*501 When a sentencing court is provided with the requisite “ reasonable cause ” evidence, and deems it necessary to file a declaration of delinquency, ‘ ‘ the court must promptly take reasonable and appropriate action to cause the defendant to appear before it for the purpose of enabling the court to make a final determination with respect to the alleged delinquency” (CPL 410.30). Such appropriate action may include the service of a ‘ ‘ notice to appear ’ ’ upon the probationer or the issuance of a warrant directed to a peace officer to take the probationer into custody and bring him before the court (CPL 410.40).
Where a court is satisfied that the probationer may respond to a “ notice to appear,” it may never issue the bench warrant, because that process would not be appropriate (cf. CPL 120.20, subd. 3). The “notice to appear” should be the preferred process. If the probationer fails to respond to the notice, such omission may constitute a violation of the conditions of his probation (CPL 410.40, subd. 1). The “ notice to appear ” may be utilized by the probation court without first filing a declaration of delinquency, and, indeed, it may be used where a court does not have the requisite “reasonable cause ” to declare a probationer delinquent or to issue a bench warrant.
Like the declaration of delinquency (CPL 410.30), the issuance of a warrant may be made only when the probation court “ has reasonable grounds to believe that the defendant has violated a condition of the sentence ” (CPL 410.40, subd. 2), and when the court is satisfied that the probationer may not respond to a “ notice to appear. ’ ’ Evidence that the probationer has been arrested for a new offense, by itself, is always legally insufficient to support the issuance of a bench warrant.
The practice of the Probation Department in New York City is to apply for a declaration of delinquency and the issuance of a bench warrant whenever a probationer is arrested for a new offense. But if the probationer has otherwise been complying with the conditions of probation and there is no reason to suspect he may abscond, the bench warrant process should not be used. The “ notice to appear ” is the appropriate route. More importantly, an allegation of a new arrest can never support any judicial action except perhaps the service of a “notice to appear ” upon the probationer.
Several study groups at different times have discussed the issue of how a sentencing court may deal with the probationer arrested for a new offense. For example, the commentary to the Model Penal Code of the American Law Institute makes these relevant observations: ‘ ‘ The statutes generally authorize the *502 revocation of * * * probation on failure to comply with the requirements thereof, including, of course, the commission of another crime. Theoretically, at least, a charge that the probationer has been guilty of a crime can thus be tried informally by the probation court upon the revocation issue, as a violation of condition; practically, if the charge is serious, it is more likely that the probation court will hold its action in abeyance pending an adjudication of the formal criminal proceeding. We think the latter practice preferable * * * The defendant’s procedural rights are thus fully preserved. This is the present British position and it appears to function satisfactorily. * * * While we do not think that charges of a fresh offense ought to be tried informally in the probation court, we recognize that there may be objections to continuing the defendant at liberty and on probation pending the adjudication of the charge. Hence, even though the new offense is bailable, the draft empowers the probation court to commit the defendant without bail, temporarily suspending the probation, in effect, until the issue is determined in the normal course. It may be the case, of course, that quite apart from the commission of a new offense, the conduct of the probationer that gives rise to the criminal charge involves an incidental violation of the conditions of the probation. In that event, we see no reason why the probation court should be required to defer its action. If it does, it may proceed thereafter even though the defendant is acquitted of the charge of crime ” (Tentative Draft No. 2 [1954], pp. 150-151).
In 1973, the National Advisory Commission on Criminal Justice Standards and Goals recommended that sentencing courts revise their policies, procedures, and practices concerning probation to provide, inter alia, that a sentence of probation shall not be revoked for the commission of a new crime unless the offender has been tried and convicted of that crime (see Report on Corrections, pp. 158-161).
The commission expressed these comments: ‘ ‘ There are two critical decision points incident to probation revocation — the decision to arrest and the revocation hearing. The arrest disrupts the probationer’s ties to the community and may determine in large measure his ability to remain on probation after further proceedings are concluded. Authority should exist to allow the probationer to continue in the community until a final determination has been made regarding whether he did in fact violate a condition and if he did, whether confinement is the appropriate disposition. Where there is a serious threat *503 to the public safety, detention may be unavoidable * * * Revocation of probation for the commission of a new offense or offenses often is used in lieu of formal trial procedures. The Commission believes that this is a misuse of revocation procedure. The offender .should be charged formally and tried for new criminal violations. If the offender is found guilty, the court may use the criteria and procedures .governing initial sentencing decisions in determining his resentencing decision * * * If the offender is found not guilty, the charges should not be used as a basis for revocation.”
The probation authorities in this State may wish to consider the adoption of a policy position directive respecting probationers arrested for a new offense. A host of procedural issues could be dealt with, including, for example, the following: since an allegation of a mere arrest is legally insufficient to support a judicial declaration of delinquency, should the probation court be notified promptly of the arrest and periodically thereafter concerning the status of the new charge until its final disposition; if the probationer is detained in lieu of bail on the new offense, what action should the probation officer take respecting supervision; if the probationer is released on bail or his own recognizance, should the probationer be placed under a concentrated supervision; under what circumstances, if ever, should a probation officer take custody without a warrant based upon a new arrest of the probationer; under what circumstances should a probation officer apply for a bench warrant.
I am satisfied that the issuance of a bench warrant for a probationer’s arrest and a judicial declaration of delinquency are patently unauthorized under the laws of this State upon a mere allegation or showing that the probationer has been arrested for a new offense.
Even where the requisite evidence is provided to me in future cases, I shall, in the absence of exigent circumstances, and pursuant to the discretion vested in sentencing courts by the Criminal Procedure Law, follow the recent recommendation of the National Advisory Commission on Criminal Justice Standards and Goals and not issue a bench warrant for a probationer’s arrest, or file a declaration of delinquency based solely upon a new charge contained in an accusatory instrument filed against the probationer in a criminal court, so long as the new action is pending. Instead, I direct the Probation Department to promptly report to me any new arrest of a defendant previously sentenced by me to probation, and to thereafter inform me periodically of the status of the new charge.