THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHRISTOPHER WAYNE WAGNER, SR., Appellant.

Third Department, February 19, 1976

*Betty D. Friedlander* and *Victor J. Rubino* for appellant.

*D. Bruce Crew, III, District Attorney,* for respondent.

KOREMAN, P. J. This case involves the death of defendant's three-month-old son on September 6, 1973 at approximately 8:00 A.M., as a result of massive head injuries. Immediately after the infant's death, the defendant was questioned by the police, following which he was arrested, and later indicted for the murder of his child. The jury found the defendant guilty of manslaughter in the second degree. On this appeal the defendant argues that the People failed to prove his guilt beyond a reasonable doubt.

The testimony adduced at the trial discloses that the defendant's wife brought the child to a doctor on September 5, 1973 at about 9:00 P.M. On the evening before the child's death the doctor found that the child was suffering from a heavy cold. At that time the doctor performed a complete physical examination of the child and found no evidence of face or head injuries. Later that night of September 5, 1973 and throughout that night the parents were alone with the child, and around midnight only the defendant was with the child for a few minutes. The child was crying when the mother left him alone with the defendant those few minutes, but when she returned she found the child unconscious and spasmodic exhibiting symptoms of a head injury. The defendant admitted striking the child during this time and also admitted losing control while doing so. The child died the next morning, with fresh multiple injuries of the head and face. Medical experts testified that such injuries were about eight hours old and would be caused by multiple blunt trauma, such as hitting with fists. There was also expert medical testimony that the child would become unconscious almost immediately after such injuries were inflicted, and that death would occur within seven or eight hours thereafter without the child

regaining consciousness. On this record there can be no doubt that the defendant's guilt was established by overwhelming proof. The conflicting testimony offered by the defendant, including any conflict in the medical testimony, simply created factual issues for the jury's determination, giving consideration to the credibility and relative weight of the testimony of the witnesses. Since there is ample evidence to sustain the jury's verdict, we may not disturb it. *(People v Horton,* 308 NY 1, mot for rearg den 308 NY 748; *People v Henderson,* 28 AD2d 1145.)

The defendant based his motion for a new trial on a claim of newly discovered evidence. A motion upon such ground is a statutory remedy and may be granted only in the sound discretion of the court *(People v Patrick,* 182 NY 131, mot for rearg den 183 NY 52). The statute (CPL 440.10, subd 1, par [g]) provides that a judgment of conviction may be vacated where new evidence has been discovered which could not have been produced by the defendant at the trial even with due diligence on his part, which is of such a character as to create a probability that, had such evidence been received at the trial, the verdict would have been more favorable to the defendant. The test thus enunciated which has been approved and followed for determining the sufficiency of the new evidence requires that: (1) it must be of such nature as would possibly change the verdict should a new trial be granted; (2) it must have been discovered since the previous trial; (3) it must be of such nature that it could not have been discovered before the trial by the exercise of due diligence; (4) it must be material to the issue; (5) it must not be cumulative to the former issue; (6) it must not be impeaching or contradictory of former testimony. *(People v Salemi,* 309 NY 208, cert den 350 US 950; *People v Maynard,* 80 Misc 2d 279, 283-284.) On this record, it is clear that these criteria are not satisfied.

The defendant contends that the affidavit of his wife and of a doctor, obtained after defendant's conviction, disclose newly discovered evidence sufficient to warrant granting a new trial. Testimony is sought to be introduced in order to form the basis for expert medical opinion regarding the existence of the battered child syndrome on the part of defendant's wife. There is no proof before us, however, bearing directly on defendant's innocence. At best, this is an attempt to establish by purely circumstantial evidence that the wife may be a batterer within the meaning of the battered child syndrome, but such

evidence could not be considered as proof that the defendant did not beat and inflict the injuries resulting in the child's death in this instance. In order to serve to exculpate the defendant, a jury would be required to conclude from the evidence that this is a case involving the battering syndrome, and then conclude that the wife, not the husband, battered the child, despite the weight of the evidence establishing the guilt of the husband. Furthermore, the argument made on this motion was fully presented on the trial and rejected by the jury. Defense counsel knew at the time of the trial that defendant's wife was alone with the child before the defendant came home on September 5, and that defendant's medical expert placed the time when the injuries were inflicted at a time when the child was alone with defendant's wife. Counsel for defendant was also aware of several implausible explanations given by defendant's wife for injuries sustained by the child prior to September 5, indicating a possibility that she may have been responsible for the child's death under the battered child syndrome theory. It is clear, therefore, that the evidence alleged to be newly discovered, was neither unknown to the defendant at the time of the trial, nor can it be said to be exculpatory of guilt on the part of the defendant. The record discloses that defendant's attorney made a deliberate tactical decision not to introduce evidence of prior injuries to the child, presumably in what he considered to be the defendant's best interest. That strategy having failed, a new trial may not be granted pursuant to the statute pertaining thereto for the purpose of attempting a different strategy.

Defendant's reliance on *Brady v Maryland* (373 US 83) to support his contention that the prosecution suppressed or intentionally avoided discovering potentially exculpatory expert testimony is misplaced. There has been no showing here by the defendant that there ever was any exculpatory evidence in the possession of the prosecution, and, therefore, there could be no violation of defendant's right to due process by withholding such evidence, as was the case in *Brady*.

A final issue raised by the defendant is that the trial court failed to make findings of fact and conclusions of law. We conclude that the court's memorandum sufficiently satisfies the requirements of CPL 440.30 (subd 7).

The judgment and order should be affirmed.

SWEENEY, MAHONEY, LARKIN and HERLIHY, JJ., concur.

Judgment and order affirmed.