■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LESTER I. CRANDALL, Appellant.—Appeal from a judgment of the County Court of Montgomery County, rendered May 12, 1975, which found defendant in violation of conditions of probation imposed by the same court on January 13, 1975, upon defendant's conviction of criminal trespass in the second degree, and revoking the January 13, 1975 sentence and remanding defendant to the county jail for a period of six months with credit for time already served; and appeal, by permission, from an order of the same court, entered December 3, 1975, which denied, after a hearing, defendant's motion to vacate the May 12, 1975 judgment upon the ground of newly discovered evidence. On December 6, 1974, after lengthy plea-bargaining, defendant pleaded guilty to criminal trespass, second degree, a Class A misdemeanor. On January 13, 1975 he was sentenced to three years probation with specific directions that defendant obey all laws of the State of New York and that he obtain employment so that he and his family could be removed from the public assistance rolls. Typed on the order and conditions of probation—adult, signed by both the court and the defendant, is the admonition contained in CPL 410.10 (subd 2), that "Commission of an additional offense, other than a traffic infraction, after imposition of a sentence of probation or of conditional discharge, and prior to expiration or termination of the period of the sentence, constitutes a ground for revocation of such sentence irrespective of whether such fact is specified as a condition of the sentence." On March 11, 1975 defendant was arrested and charged with criminally possessing a stolen chain saw, which resulted in the filing of a violation of probation by the probation officer assigned to oversee defendant's probation. On April 18, 1975 a hearing was held at which time the People called Edward Karl, age 18, who testified that on March 11, 1975 he had given the State Police a statement in which he admitted the theft of the chain saw and implicated the defendant Crandall in the knowing possession of the saw. Karl also testified that his March 11 statement was the full truth and that

defendant was fully cognizant of the fact that the saw was stolen when they took the saw to a dealer, V. O. Smith, for sale or repair, and that Crandall conducted all the negotiations with said dealer. V. O. Smith corroborated Karl to the extent that he assumed Crandall was the owner of the saw because of the affirmative, possessive manner in which he dealt with him concerning the saw's sale or repair. Officers Goldman and Brant, Bureau of Criminal Identification investigators with the State Police, each testified that defendant Crandall, after *Miranda* warnings, admitted knowledge of the fact that the saw was stolen and, in fact, boasted that said fact could not be proven. At an adjourned date, April 25, 1975, the defendant denied any knowledge that the chain saw was stolen and introduced the issue of harassment by the State Police by furnishing the court with a tape and transcript of a telephone conversation between himself and Investigator Goldman on March 27,' 1974. The trial court reviewed the contents of the tape and transcript before imposing sentence on May 12, 1975. With respect to the violation hearing it should be noted that the hearing is summary in nature, without a jury, and a finding that defendant has violated a condition of his sentence, after affording defendant a full opportunity to cross-examine the People's witnesses and to present evidence on his own behalf, need only be based upon a preponderance of the evidence. (CPL 410.70.) Therefore, the quantity of proof needed to support a discretionary order revoking probation need not rise to the level requisite for criminal conviction on proof beyond a reasonable doubt *(People v Carter,* 43 AD2d 655; *People v Valle,* 7 Misc 2d 125), it being only necessary that the proof preponderate against the defendant. In this matter, a sympathetic reading of the voluminous record, despite defendant Crandall's contentions that Karl's inculpatory statement was occasioned by police threats and, further, that Karl was motivated by revenge because Crandall, on April 3, 1975, gave a statement to the police implicating Karl in a statutory rape of a girl, age 11, clearly supports the finding of the trial court that the totality of the evidence preponderates toward the conclusion that the defendant did commit an "additional offense" while on probation (CPL 410.10). That such "additional offense" was also a crime, criminal possession of stolen property, third degree (Penal Law, § 165.40) only adds additional weight to the conclusion that the trial court did not abuse its discretion in revoking the defendant's sentence of probation *(People v Oskroba,* 305 NY 113, rearg den 305 NY 696). This court is cognizant of the recommendations of several study groups (Model Penal Code of the American Law Institute; National Advisory Commission on Criminal Justice Standards and Goals [1973]) that revocation of probation for the commission of a new offense should be deferred until the new criminal violation is formally tried, and if the probationer is found not guilty, the charge should not be used as a basis for revocation. We are of the view, however, that such recommendations only relate to those instances where the commission of a new offense is employed as the predicate for revocation without the issuance of a formal charge by the probation department, the issuance of an arrest warrant, an appropriate notice to appear to the defendant, the assignment of counsel if the defendant cannot afford his own and the holding of a full and complete adversary hearing. Herein, all these precautionary steps were employed and it cannot be said that defendant's rights were prejudiced by any of the procedures below *(People v Amaro,* 79 Misc 2d 499). Lastly, the court did not commit error in denying defendant's motion to vacate its judgment of May 12, 1975 upon the ground of newly discovered evidence. Motions upon such grounds are statutory in nature and may be granted only in the sound discretion of the court. (CPL

440.10, subd 1, par [g]; *People v Patrick,* 182 NY 131). To insure finality of judgments, certain formulae controlling the discretion of a court in acting upon such applications have been evolved requiring that the newly discovered evidence must (1) be such as will probably change the result if a new trial is granted, (2) have been discovered since the trial, (3) be such as would not have been discovered before the trial by the exercise of due diligence, (4) be material to the issue, (5) not be cumulative to the former issue and (6) not be merely impeaching of former evidence *(People v Salemi,* 309 NY 208, 215, 216 cert den 350 US 950; *People v Priori,* 164 NY 459; *People v Wagner,* 51 AD2d 186; *People v Maynard,* 80 Misc 2d 279). The allegedly newly discovered evidence proffered by defendant is that Edward Karl's testimony at the revocation hearing, that defendant knew the chain was stolen, was wrongfully induced by a promise that statutory rape charges against him would be dismissed, and, in fact, they were. Upon this record we cannot say that the proof offered by defendant upon his motion to vacate the judgment revoking his probation was "newly discovered evidence" since defendant's statement to the police implicating Karl in a statutory rape charge occurred before the revocation hearing and was certified by defendant himself at the hearing as the reason for Karl's inculpatory testimony. Although the record is barren of any evidence of a dismissal of rape charges against Karl, such proof, had it been offered, would only tend to impeach Karl's testimony and would be without the requisite probative force needed to support a motion to set aside the judgment. Evidence impeaches a witness when it assails his character and his credibility, or otherwise weakens the force of his testimony. Such would have been the effect of evidence of a dismissal of the rape charge against Karl, but, such evidence alone lacks probative value as original evidence upon the matter at issue at the revocation hearing, *viz.,* the commission of an offense while· on probation *(People v Salemi, supra).* Judgment and order affirmed. Koreman, P. J., Sweeney, Mahoney, Larkin and Herlihy, JJ., concur.