FOURTH DEPARTMENT, NOVEMBER, 1986

(November 10, 1986)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LILLIE MAE HIGGINS, Appellant.

Memorandum: On appeal from a judgment of conviction for two counts of assault in the second degree (Penal Law § 120.05 [2], [4]), defendant's primary claim is that an oral statement she gave the police should have been suppressed because the police unlawfully entered her home in violation of *Payton v New York* (445 US 573). Our review of the evidence adduced at the suppression hearing, however, reveals that the hearing court properly concluded that the police entry was consensual.

The trial court also properly refused defendant's request to charge assault in the third degree as a lesser included offense of assault in the first degree as charged in the indictment because there was no reasonable view of the evidence that the victim of the assault suffered only physical, but not serious physical injury *(People v Glover,* 57 NY2d 61; *People v Green,* 56 NY2d 427). On the contrary, the evidence established that the victim suffered third degree burns over a third of his body resulting in serious and protracted disfigurement (Penal Law § 10.00 [10]). Defendant's remaining claims are without merit. (Appeal from judgment of Supreme Court, Monroe County, Reed, J.—assault, second degree.) Present—Dillon, P. J., Denman, Green, Pine and Balio, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RONALD G. BRINK, JR., Appellant.

Present—Dillon, P. J., Denman, Green, Pine and Balio, JJ.