■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DAVID M. SCHNEIDER, Appellant.—Levine, J. Appeals (1) from a judgment of the County Court of Tompkins County (Friedlander, J.), rendered May 24, 1991, which revoked defendant's probation and imposed a sentence of imprisonment, and (2) by permission, from an order of said court, entered July 18, 1991,

which denied defendant's motion pursuant to CPL 440.10 to vacate the judgment of conviction.

In October 1989 defendant was convicted, following a guilty plea, of assault in the second degree for his conduct in brutally attacking his former girlfriend's new boyfriend. County Court sentenced him to a six-month term of imprisonment and five years' probation. The special conditions of defendant's probation included, *inter alia,* that he obey all laws and undergo psychological or psychiatric counseling. Defendant served his term of incarceration and was hospitalized in a psychiatric unit for a period of time as part of his treatment.

In March 1991, shortly after his release from the hospital, defendant was arrested by City of Ithaca police in Tompkins County for harassment of his former girlfriend. He was served with an order of protection directing that he stay away from her. Some 12 days later, a warrant was issued for defendant's arrest for criminal contempt in the second degree for violating the order of protection. On the day of his arrest, a violation of probation petition was filed against defendant. The petition alleged that defendant had violated the special condition of probation that he obey all laws by being arrested on harassment and criminal contempt charges, and that he violated the general condition that he remain within County Court's jurisdiction by leaving the jurisdiction without permission. Prior to the probation revocation fact-finding hearing, the prosecutor filed with County Court the uniform court report (hereinafter U.C.R.) and a letter to the court indicating that the People intended to prove defendant's violation of probation not merely by proof of defendant's two arrests, but also "by proof of the facts underlying those arrests".

A hearing was held on the violation of probation. At the close of the People's case, defendant applied to County Court for funds pursuant to County Law § 722-c for psychiatric and I.Q. testing, which was denied. Defense counsel was granted over a month's delay to prepare defendant's case. At the end of the hearing County Court found by a preponderance of the evidence that defendant violated the special condition of the probation order that he obey all laws, and CPL 410.10 (2), in committing the offenses of harassment and criminal contempt by engaging in conduct to harass his former girlfriend and in violating the order of protection by disregarding the directive that he stay away from and not harass her. Defendant was resentenced on the original assault conviction to a term of imprisonment of 2⅓ to 7 years.

Defendant subsequently moved to vacate County Court's May 1991 finding that he violated the conditions of probation upon the grounds that the harassment and criminal contempt charges had been dismissed, which defendant urged constituted newly discovered evidence (see, CPL 440.10 [1] [g]). County Court denied defendant's motion, determining that the dismissal did not constitute newly discovered evidence and, even if it did, vacatur was not required because even an acquittal on the underlying charges would not affect the violation determination which is based on a lower standard of proof.

Defendant contends that reversal is required because the petition failed to provide a reasonable description of the time, place and manner in which the violation occurred as required by CPL 410.70 (2), thereby failing to afford defendant adequate notice of the charges against him and a concomitant opportunity to prepare a defense. We disagree. While a petition containing only allegations of defendant's arrest and a warrant being issued could not support a finding of a violation of probation (see, People v Brink, 124 AD2d 966), the People complied with CPL 410.70 (2) by filing with County Court prior to the hearing the U.C.R. and a letter, also supplied to defendant, indicating that the People intended to prove the violation by proof of the facts underlying those arrests. Defendant thus received ample notice of the particulars of the violation charged and, after being granted over a month's adjournment, a full opportunity to prepare a defense (see, People v Oskroba, 305 NY 113, 117; see also, CPL 410.70 [1], [2]).

We reject defendant's contention that the violation of probation determination was not supported by a preponderance of the evidence. The harassment victim's testimony clearly constituted the "residuum of competent legal evidence necessary to support the court's determination" that defendant committed the acts underlying those charges (People v Tyrrell, 101 AD2d 946, 947; see, CPL 410.70 [3]). We also reject defendant's contention that "Commission of an additional offense" in CPL 410.10 (2), which provides a basis for probation revocation, requires a criminal conviction (see, People v Crandall, 51 AD2d 841, 842; see also, CPL 410.70 [3]).

Defendant next claims that County Court committed reversible error in denying his application for funds to cover psychiatric testing, which he belatedly made only after the People had rested. Defense counsel merely averred in his affidavit that defendant's treating psychiatrist strongly recommended

that psychological and I.Q. testing would be needed in order to adequately prepare a defense. Defense counsel, however, never asserted that defendant's insanity or lack of capacity to form the requisite intent would be asserted as a defense in the probation violation proceeding. When questioned by the court as to the relevance of such testimony, defense counsel merely asserted that it would address "[defendant's] psychiatric state of mind *now*" (emphasis supplied). Therefore, County Court acted well within its discretion in denying defendant's application, based on its finding that such testing "is not necessary to elucidate nor is it relevant to the [probation violation] issues before the court".

Defendant's claim on appeal that County Court failed to order the required update of the November 1989 presentence report for the June 1991 resentencing (*see, People v Halaby*, 77 AD2d 717, 718) is unpreserved. In any event, we see no basis for reversal in the interest of justice in view of the considerable evidence adduced in this proceeding upon sentencing regarding defendant's mental status and course of treatment while incarcerated and on probation. Turning to the final issue raised by defendant on the direct appeal, we find no abuse of discretion in County Court's determination, after revoking defendant's probation, to impose the harshest permitted sentence of 2⅓ to 7 years in prison.

We further conclude that County Court properly denied defendant's CPL 440.10 (1) (g) motion to vacate based on newly discovered evidence. Evidence that the underlying charges have been dismissed does not require vacatur of the probation violation determination, as a conviction on the underlying charges was not needed but, rather, the People were only required to prove by a preponderance of the evidence that defendant committed the acts alleged in the underlying charges.

We have reviewed the other issues raised by defendant and conclude that they are also without merit.

Yesawich Jr., J. P., Crew III, Casey and Harvey, JJ., concur. Ordered that the judgment and order are affirmed.