OPINION OF THE COURT
Steven W. Fisher, J.
The issue presented on this motion is whether a violation of probation proceeding, based upon the defendant’s alleged com *534 mission of a newly indicted crime, must be held in abeyance until the new charges are resolved by way of guilty plea or trial.
On August 12, 1992, the defendant was sentenced as a youthful offender to time served and five years’ probation upon his guilty plea to robbery in the second degree. On January 31, 1994, the Probation Department filed a declaration of delinquency and specifications alleging that the defendant had violated the terms and conditions of his probationary sentence by knowingly and unlawfully selling a narcotic drug. The same allegation led to the defendant’s indictment for criminal sale of a controlled substance in the third degree. He has pleaded not guilty to both the specification and the new indictment.
On this motion, the defendant contends that all proceedings on the violation of probation must be held in abeyance pending resolution of the charges in the indictment. He relies largely on dictum in People v Amaro (79 Misc 2d 499 [Sup Ct, NY County 1974]).
There, former Justice Peter J. McQuillan held that a judicial declaration of delinquency and the issuance of a bench warrant for a probationer’s arrest are not authorized upon a mere allegation or showing that the probationer has been arrested for a new offense (see also, People v Diaz, 101 AD2d 841 [2d Dept]). Here, of course, the declaration of delinquency and specifications allege not merely that the defendant was arrested but that he knowingly and unlawfully sold a narcotic drug.
Nevertheless, in Amaro (supra), Justice McQuillan noted favorably certain recommendations made in 1973 by the National Advisory Commission on Criminal Justice Standards and Goals. Those recommendations, upon which the defendant here apparently relies, provide in pertinent part as follows: " 'Revocation of probation for the commission of a new offense or offenses often is used in lieu of formal trial procedures. The Commission believes that this is a misuse of revocation procedure. The offender should be charged formally and tried for new criminal violations. If the offender is found guilty, the court may use the criteria and procedures governing initial sentencing decisions in determining his [or her] resentencing decision * * * If the offender is found not guilty, the charges should not be used as a basis for revocation.’ ” (79 Misc 2d 499, 503.)
*535 In my view, any suggestion that a probationer must be tried and convicted for a new crime before its commission can be used as a basis for revocation is without support in law.
A probationary sentence is deemed a "tentative” one and may be altered or revoked upon a showing that the probationer has violated its conditions (see, Penal Law § 60.01 [2]; CPL 410.70 [1]). Thus the purpose of any violation of probation hearing here will be to determine whether the defendant committed acts which violate the terms and conditions of his probationary sentence and not necessarily whether he committed a crime (see, Matter of Darvin M. v Jacobs, 69 NY2d 957, 959).
If found to be in violation of probation, the defendant stands to be deprived, not of the absolute liberty to which citizens are ordinarily entitled, but only of liberty which, because of his youthful offender adjudication, was lawfully conditioned upon his observance of certain terms and restrictions (cf., Morrissey v Brewer, 408 US 471, 480). Consequently, the fact that his commission of the charged acts need be established at the hearing only by a preponderance of the evidence rather than beyond a reasonable doubt (see, CPL 410.70 [3]) does not infringe upon the defendant’s due process rights (see, e.g., People v Neuroth, 172 AD2d 886 [3d Dept]).
Since convictions require proof of guilt beyond a reasonable doubt, making a conviction a prerequisite for revocation of probation would unreasonably elevate the applicable standard of proof for one type of violation above all others. It would mean, for example, that a probationer could have her probation revoked and be resentenced to incarceration if the preponderance of evidence established that she had failed to report to her probation officer but not that she had committed murder.
In People v Crandall (51 AD2d 841, 842 [3d Dept]), the Court observed that the Commission’s recommendations cited in Amaro (supra) "only relate to those instances where the commission of a new offense is employed as the predicate for revocation without the issuance of a formal charge by the probation department, the issuance of an arrest warrant, an appropriate notice to appear to the defendant, the assignment of counsel if the defendant cannot afford his [or her] own and the holding of a full and complete adversary hearing.”
In the case at bar, a formal charge has been filed by the Probation Department, the defendant has appeared with coun *536 sel, and a full adversary hearing will be conducted on the issue of whether he committed the acts of which he stands accused in the declaration of delinquency and specifications.
I hold, therefore, that no principle of law or consideration of legally cognizable prejudice to the defendant requires that the hearing on the violation of probation await resolution of the underlying charges (see, People v Schneider, 188 AD2d 754, 756 [3d Dept]; People v Crandall, supra).
Accordingly, the defendant’s motion should be denied in all respects.