■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EUGENE POWELL, Appellant. [619 NYS2d 123] —Appeal by the defendant from an amended judgment of the Supreme Court, Queens County (Cohen, J.), rendered June 29, 1992, revoking a sentence of probation previously imposed by the same court (Buchter, J.), upon a finding that he violated a condition thereof, after a hearing, and imposing a sentence of imprisonment upon his conviction of attempted criminal sale of a controlled substance in the third degree.

Ordered that the amended judgment is affirmed.

On January 4, 1991, the defendant was sentenced to 60 days

imprisonment and five years probation upon his plea of guilty to attempted criminal sale of a controlled substance in the third degree. He was thereafter charged with two specifications of violating his probation. The first of these specifications was premised upon the defendant's arrest for attempted robbery and assault, while the second specification charged him with failing to report to his probation officer. After a hearing at which both sides presented evidence, the Supreme Court found that the defendant had violated probation as charged in the specifications. The court subsequently revoked the defendant's probation and imposed a sentence of imprisonment. The defendant was thereafter acquitted on the attempted robbery and assault charges following a jury trial.

We find unpersuasive the defendant's contention that the Supreme Court's determination revoking his probation is not supported by sufficient evidence. Viewing the evidence in the light most favorable to the People (see, People v Contes, 60 NY2d 620), we find that the testimony adduced at the hearing supports the court's determination that the defendant committed the acts with which he was charged by a preponderance of the evidence (see, CPL 410.70 [3]; People v Yutesler, 177 AD2d 732). Moreover, resolution of issues of credibility, as well as the weight to be accorded to the evidence presented, are primarily questions to be determined by the trier of fact, which saw and heard the witnesses (see, People v Gaimari, 176 NY 84, 94). Upon our own examination of the record, we are satisfied that the hearing court's determination is not against the weight of the evidence, and we discern no basis for disturbing that determination.

The defendant contends that reversal is required because the probation violation hearing was held prior to his criminal trial at which he was ultimately acquitted. However, having failed to challenge the sequence of the proceedings in the Supreme Court, he has not preserved his current contention for appellate review (see, CPL 470.05 [2]). In any event, the contention is without merit, inasmuch as there is no inherent contradiction between a determination that the defendant violated his probation and a verdict acquitting him of the criminal offenses which formed the basis of the probation violation, inasmuch as the two matters are subject to entirely different standards of proof (see, People ex rel. Singletary v Dalsheim, 84 AD2d 553).

Furthermore, we note that the defendant conceded at the hearing that he was guilty of the second specification in that he failed to report to his probation officer.

The defendant's remaining contentions are either unpreserved for appellate review or without merit. Sullivan, J. P., Rosenblatt, Pizzuto and Altman, JJ., concur.