■ The People of the State of New York, Respondent, v Whitney A. Conway, Appellant. [695 NYS2d 137] —Carpinello, J. Appeal from a judgment of the County Court of Rensselaer County (McGrath, J.), rendered March 4, 1998, which revoked defendant's probation and imposed a sentence of imprisonment.

On January 11, 1995, defendant was convicted of criminal possession of a controlled substance in the fifth degree and sentenced to six months in jail and probation. On January 26, 1998, a violation petition was filed after defendant was arrested and charged with, inter alia, criminal sale of a controlled substance in the third degree. The charge was based on allegations that defendant sold crack cocaine to an undercover investigator on July 15, 1997. A hearing ensued following which County Court concluded that defendant violated his probation. The court subsequently revoked probation and

sentenced defendant to 2⅓ to 7 years in prison, prompting this appeal.

We are unpersuaded by defendant's contention, raised for the first time on appeal, that he was denied due process because the probation violation hearing was held before the criminal trial on the underlying charge. Initially, defense counsel never sought an adjournment of the hearing on any ground nor did he object to the sequence of the proceedings (*compare, People v Hilton*, 179 Misc 2d 538; *People v Davis*, 161 Misc 2d 533); thus, this issue is not preserved for our review (*see, People v Powell*, 209 AD2d 645, 646, *lv denied* 85 NY2d 865; *see also*, CPL 470.05 [2]; *see generally, People ex rel. Matthews v New York State Div. of Parole*, 58 NY2d 201, 204-205). Even if we were to consider the argument in the interest of justice (*see*, CPL 470.15 [6] [a]), we would find it to be without merit.

In arguing that the violation hearing should have been adjourned until after the trial on the underlying charge, defendant claims that his right to confront witnesses was compromised and that had there been an acquittal in the criminal action, a different result may have been reached by County Court in the instant matter. With respect to this latter point, we note simply that probation may be revoked even though there has been an acquittal or dismissal of criminal charges (*see, People v Powell, supra; see also, People v Schneider*, 188 AD2d 754, 757, *lv denied* 81 NY2d 892; *compare*, CPL 410.70 [3], *with* CPL 300.10). With respect to the former point, because the investigator who purchased the drugs from defendant testified at the hearing and defense counsel was given ample opportunity to cross-examine her, defendant was not deprived of his right to confrontation (*cf., People ex rel. McGee v Walters*, 62 NY2d 317). Because no principle of law required resolution of the violation hearing in this case to await resolution of the underlying criminal charge (*see, People ex rel. Brooks v Russi*, 237 AD2d 394, 395, *lv denied* 90 NY2d 801; *People v Powell, supra; People v Davis, supra*, at 535; *compare, People v Spears*, 64 NY2d 698; *People ex rel. Piccarillo v New York State Bd. of Parole*, 48 NY2d 76; *People v Norris*, 190 AD2d 871), we are unpersuaded that defense counsel's failure to request an adjournment rendered his assistance ineffective. Rather, upon our review of the record, we are satisfied that defendant was in fact provided with meaningful representation at the hearing (*see, e.g., People v Griffith*, 239 AD2d 705, 707).

Defendant's remaining contentions, including his claim that the People failed to prove he violated the conditions of his

probation by a preponderance of the evidence and that the sentence imposed was harsh and excessive, have been reviewed and found to be without merit.

Mikoll, J. P., Mercure, Peters and Graffeo, JJ., concur. Ordered that the judgment is affirmed.