■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JUAN TORRES, Appellant. [773 NYS2d 726]—

Appeal from a judgment of the Monroe County Court (Patricia D. Marks, J.), entered December 5, 2001. The judgment revoked defendant's probation and imposed a sentence of imprisonment.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously reversed on the law, and the matter is remitted to Monroe County Court for a new hearing in accordance with the following memorandum: Defendant appeals from a judgment revoking his probation and sentencing him to a term of imprisonment. We agree with defendant that

County Court erred in revoking his probation based solely on City Court's finding at the preliminary hearing on the felony complaint that there was reasonable cause to believe that he had committed a felony. We note at the outset that, even assuming, arguendo, that defendant's contention is unpreserved for our review, we would nevertheless exercise our power to review it as a matter of discretion in the interest of justice (*see* CPL 470.15 [6] [a]).

The standard of proof at a preliminary hearing is whether there is "reasonable cause to believe that the defendant committed a felony" (CPL 180.70 [1]), while the standard of proof at a hearing on a probation violation is whether the violation is proven by a preponderance of the evidence (*see* CPL 410.70 [3]). Contrary to the reasoning of County Court in relying on City Court's finding of reasonable cause, the preponderance of the evidence standard is more stringent than the reasonable cause standard (*see generally People ex rel. Wallace v State of New York,* 67 AD2d 1093, 1094 [1979]). We therefore reverse the judgment and remit the matter to County Court for a new hearing pursuant to CPL 410.70 (*see generally People v Brink,* 124 AD2d 966 [1986]). Present—Pine, J.P., Wisner, Kehoe, Gorski and Hayes, JJ.