# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

754
KA 10-00286
PRESENT: SMITH, J.P., FAHEY, CARNI, SCONIERS, AND MARTOCHE, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                          MEMORANDUM AND ORDER

KERRY COLEMAN, DEFENDANT-APPELLANT.

---

SHIRLEY A. GORMAN, BROCKPORT, FOR DEFENDANT-APPELLANT.

SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (MARY ELLEN GILL OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Monroe County Court (Richard A. Keenan, J.), rendered December 3, 2009. The judgment revoked defendant's sentence of probation and imposed a sentence of incarceration.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment revoking the sentence of probation previously imposed upon his conviction of criminal contempt in the first degree (Penal Law § 215.51 [c]) and sentencing him to a term of incarceration. Contrary to defendant's contention, the People established by the requisite preponderance of the evidence at the violation hearing that he committed acts that constitute harassment in the second degree and thus committed an additional offense in violation of the terms and conditions of his probation (*see* CPL 410.10 [2]; 410.70 [1], [3]; *People v Bergman*, 56 AD3d 1225, *lv denied* 12 NY3d 756; *People v Schneider*, 188 AD2d 754, 755-756, *lv denied* 81 NY2d 892). We reject defendant's further contention that he was denied effective assistance of counsel based on an alleged conflict of interest with defense counsel at the violation hearing. Defendant failed to "show that 'the conduct of his defense was in fact affected by the operation of the conflict of interest,' or that the conflict 'operated on' the representation" (*People v Ortiz*, 76 NY2d 652, 657; *see People v Konstantinides*, 14 NY3d 1, 10).

Entered: June 8, 2012                      Frances E. Cafarell
                                           Clerk of the Court