People v Brooks (2019 NY Slip Op 02539)





People v Brooks


2019 NY Slip Op 02539


Decided on April 3, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 3, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LEONARD B. AUSTIN, J.P.
JOHN M. LEVENTHAL
COLLEEN D. DUFFY
ANGELA G. IANNACCI, JJ.


2014-09701
 (Ind. No. 9/11)

[*1]The People of the State of New York, respondent,
v
Daniel Brooks, appellant.


Paul Skip Laisure, New York, NY (Lynn W. L. Fahey of counsel), for appellant.
Zachary W. Carter, Corporation Counsel, New York, NY (Deborah A. Brenner and Janet L. Zaleon of counsel; Samuel J. Furnival on the brief), for respondent.



DECISION & ORDER
Appeal by the defendant from an amended judgment of the Supreme Court, Richmond County (Leonard P. Rienzi, J.), rendered October 14, 2011, revoking a sentence of probation previously imposed by the same court, upon a finding that he violated a condition thereof, after a hearing, and imposing a sentence of imprisonment upon his previous conviction of attempted criminal possession of a weapon in the second degree.
ORDERED that the amended judgment is reversed, on the law, the finding of a violation of a condition of probation is vacated, and the violation of probation petition is dismissed.
On April 29, 2011, the defendant pleaded guilty to attempted criminal possession of a weapon in the second degree in exchange for a promised sentence of a period of probation. Thereafter, the defendant was charged, inter alia, with violating a condition of his probation by failing to lead a law-abiding life. After a hearing at which both sides presented evidence, the Supreme Court determined that the defendant violated his probation when the "defendant in a . . . loud, boisterous, threatening voice told the probation officer or shouted that he would blow her up." In determining that the defendant had failed to lead a law-abiding life, the court did not specify what offense the defendant had committed. Subsequently, the court revoked the sentence of probation and
imposed a sentence of imprisonment on the previous conviction of attempted criminal possession of a weapon in the second degree. The defendant has completed the sentence of imprisonment.
Pursuant to CPL 410.10(2), the "[c]ommission of an additional offense, other than a traffic infraction, after imposition of a sentence of probation . . . , and prior to expiration or termination of the period of the sentence, constitutes a ground for revocation of such sentence irrespective of whether such fact is specified as a condition of the sentence." A defendant need not be convicted of the additional offense before its commission can serve as the basis for revocation of probation (see People v Conway , 263 AD2d 548; People v Powell , 209 AD2d 645).
Here, the evidence at the hearing established that the defendant reported to the probation office with his infant daughter. The defendant's probation officer testified that, shortly [*2]after the defendant's arrival, the probation officer directed him to return the following day as she did not "normally . . . see probationers who [came] in with their children." The defendant remarked that he had seen female probationers report with their children. According to the probation officer, as the defendant walked away from her and towards the exit, he "threatened to blow [her] the fuck up." According to the defendant, he admittedly became upset and told his probation officer: "I'm going to blow you up to your director the way you treat the men. You give women preferential treatment and you treat the men like garbage." The defendant returned the next day, as directed, and he was taken into custody by the Department of Probation.
The Supreme Court's conclusion that the defendant had threatened to blow up his probation officer amounted to a credibility determination resolving contradictory testimony. There is no reason to disturb the credibility determinations of the court. Nevertheless, the record does not support the court's finding that the defendant violated a condition of his probation. During summations, the Department of Probation argued that the defendant violated a condition of his probation by "threatening [the probation officer] in such a way that [the defendant] was attempting to prevent her from performing her official function as a probation officer basically saying that he was going to blow her up if he comes to probation again and sees that other people report with their children."
A person is guilty of obstructing governmental administration in the second degree when "he intentionally obstructs, impairs or perverts the administration of law or other governmental function or prevents or attempts to prevent a public servant from performing an official function, by means of intimidation, physical force or interference, or by means of any independently unlawful act" (Penal Law § 195.05). "The plain meaning of the statute and the accompanying commentary clearly demonstrate that the mens rea of this crime is an intent to frustrate a public servant in the performance of a specific function" (People v Joseph , 156 Misc 2d 192, 193 [Crim Ct, Kings County]). Although the evidence at the hearing demonstrated that the probation officer was at work, there was no evidence to show that the defendant attempted to prevent her from performing a specific function. The defendant's angry outburst, without more, was insufficient to establish a violation of Penal Law § 195.05. Thus, the Supreme Court's finding that the defendant violated a condition of his probation by failing to lead a law-abiding life is not supported by a preponderance of the evidence (see CPL 410.70[3]).
The People's contention that the defendant's conduct violated several additional Penal Law sections is raised for the first time on appeal and not properly before this Court.
AUSTIN, J.P., LEVENTHAL, DUFFY and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court