■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MELVIN TYRRELL, Appellant. — Appeal from a judgment of the County Court of Fulton County (Best, J.), rendered September 8, 1983, which revoked defendant's probation and imposed a sentence of imprisonment. ¶ Defendant was convicted in November of 1982 of sexual abuse in the first degree and sentenced to five years' probation. The following July, a formal report of a violation of probation was submitted to County Court accusing defendant of making sexual advances toward his eight-year-old niece. A written statement from the child was attached to the report. At the hearing on the probation violation, the court questioned the child and determined that she did not understand the nature of an oath but that she was competent to testify. The child then gave testimony as an unsworn witness. The remaining prosecution witnesses consisted of the child's mother and maternal grandmother, who related the child's complaint following the last of the incidents described in her statement. Defendant chose not to testify. At the conclusion of the hearing, the court found that defendant had violated his probation by sexually abusing the child. At an adjourned date, defendant was sentenced to six months' imprisonment in the Fulton County Jail and continued on probation. ¶ Defendant attacks County Court's determination on both procedural and substantive grounds. Specifically, defendant contends that County Court committed reversible error in eliciting the child's testimony through leading and suggestive questions and having her read from the statement she had previously given. Neither of these objections is persuasive. Even in a formal criminal trial, latitude is given to pose leading questions in order to develop the testimony of a child victim of a sex crime who is apparently unwilling to testify freely (Richardson, Evidence [10th ed], § 483, p 472). Regarding the use of the child's prior statement and permitting her to read from it, the record discloses that it was defendant's counsel who, during cross-examination, initially had her read on the record from the statement. Also to be noted is that no use of the statement was made by the prosecution during the child's direct examination, during which she unequivocally testified that, on an occasion at her paternal grandmother's home during her previous term at school, defendant touched her genital area and chest. On redirect, the statement was essentially used to refresh her recollection, after which she independently described an incident about two weeks before giving the statement when defendant attempted to have her perform fellatio and sexually touched her. Even if the statement had been used other than for the purposes of refreshing the child's recollection, such use would not have required reversal here. A hearing on a probation violation is a summary, informal procedure which does not require strict adherence to the rules of evidence; statutory and due process requirements are met so long as defendant is given formal notice of the charges and an opportunity to be heard and to confront the witnesses against him through cross-examination (CPL 410.70, subd 3; *People v Oskroba,* 305 NY 113, 117; *People v Compton,* 42 AD2d 201, 204; cf. *People v Crandall,* 51 AD2d 841 [similar use of a witness's prior statement]). ¶ We likewise reject defendant's alternative contention that there was insufficient evidence to sustain the court's determination. The child's unsworn testimony was legally competent evidence (CPL 60.20) and, if believed, established that defendant committed sex offenses under the Penal Law. It was not incumbent upon the prosecution to satisfy the corroboration requirements of either section 130.16 of the Penal Law or CPL 60.20 (subd 3), since "the quantity of proof needed to support a discretionary order revoking probation need not rise to the level requisite for criminal conviction on proof beyond a reasonable doubt" (*People v Crandall, supra,* p 842). The trustworthiness of the child's testimony was bolstered by evidence that she complained to her maternal grandmother on the last occasion of defendant's sexual advances

within one half hour of leaving his presence. Under the circumstances, the child's testimony clearly constituted the residuum of competent legal evidence necessary to support the court's determination (cf. *People v Machia,* 96 AD2d 1113, 1114). ¶ The record further establishes that County Court was fully familiar with any changes in defendant's status, conduct or condition which may have occurred during the brief period since the previous sentence of probation was imposed. Defendant's attorney waived objection to prompt resentencing. Under these circumstances, the failure to obtain an updated presentence report does not require remittal. Accordingly, the judgment should in all respects be affirmed. ¶ Judgment affirmed. Kane, J. P., Main, Casey, Levine and Harvey, JJ., concur.