■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES R. BUSHEY, Appellant.—Main, J. Appeals (1) from a judgment of the County Court of Albany County (Clyne, J.), rendered February 29, 1984, which revoked defendant's probation and imposed a sentence of imprisonment, and (2) from a judgment of said court (Harris, J.), rendered March 20, 1984, convicting defendant upon his plea of guilty of the crime of operating a motor vehicle while under the influence of alcohol, as a felony.

On August 30, 1983, defendant, having pleaded guilty to the crime of operating a motor vehicle while under the influence of alcohol as a class E felony, was sentenced to a term of five years' probation, the first 90 days to be served in the Albany County Jail. As a condition of his probation, defendant was prohibited from operating a motor vehicle during his probation.

On December 30, 1983, while he was under the influence of alcohol, defendant was involved in a two-car accident in the City of Albany. Thereafter, a violation of probation petition was filed and a three-count indictment was returned against defendant. Following a hearing regarding revocation of his probation, County Court revoked defendant's probation and sentenced him to 1 to 3 years' imprisonment on the original crime. With regard to the indictment, defendant pleaded guilty to one count of operating a motor vehicle while under the influence of alcohol as a class E felony and was sentenced to 1⅓ to 4 years' imprisonment, to run concurrently with the time remaining on his other sentence. Defendant has appealed from both judgments.

Defendant's initial contention on appeal is that the People did not, at his probation revocation hearing, establish by a preponderance of the evidence that it was he, and not another person in the car with him, who was driving at the time of the December 30, 1983 accident. According to defendant, one Mark Sterling, who was found in the car with defendant after the accident, was driving at the time of the accident. Sterling

also stated that he was the driver of the vehicle. The driver of the other vehicle involved in the accident, one Lawrence Spinosa, testified that Sterling was a passenger in and not the driver of the car. In addition, a passenger in the Spinosa vehicle and a police officer who arrived at the accident scene shortly thereafter testified that, following the accident, defendant was in the driver's seat and Sterling was in the passenger's seat of the car. It is defendant's contention that the impact of the collision must have caused him to be propelled into the driver's seat and Sterling into the passenger's seat. Since this court will sustain a probation revocation unless it is not supported by a preponderance of the evidence (see, CPL 410.70 [3]) and since we find that the totality of the evidence in this case preponderates toward the conclusion that defendant was driving at the time of the December 30, 1983 accident, we do not disturb the trial court's revocation of defendant's probation (see, People v Crandall, 51 AD2d 841, 842; see also, People v Barker, 97 AD2d 624, 625).

Defendant next argues that the sentences imposed by County Court are harsh and excessive because no court, in dealing with defendant in the past, had ever mandated that he participate in an alcohol rehabilitation program. Ordering participation in such a program is, however, discretionary with the judge imposing sentence (see, Vehicle and Traffic Law § 521 [1] [c]). Given defendant's prior record, which contains several convictions for driving while under the influence of alcohol, it cannot be said that the sentencing courts abused their discretion in sentencing defendant (see, People v Donnelly, 103 AD2d 941, 942-943).

Judgments affirmed. Kane, J. P., Main, Yesawich, Jr., Levine and Harvey, JJ., concur.