■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v

VINCENT W. KRZYKOWSKI, Appellant.—Per Curiam. Appeal from a judgment of the County Court of Albany County (Turner, Jr., J.), rendered December 5, 1985, which revoked defendant's probation and imposed a sentence of imprisonment.

On September 5, 1984, defendant was sentenced to a six-month intermittent jail term and five years' probation upon his plea of guilty to the felony of driving while intoxicated (Vehicle and Traffic Law § 1192 [3], [5]). Thereafter, on October 11, 1985, a petition for violation of probation was filed based on defendant's purported failure to continue treatment for alcohol abuse and his admission to having consumed alcohol and operated a motor vehicle. It was further noted that defendant was arrested on a charge of menacing* (Penal Law § 120.15). After a hearing, defendant was found guilty and resentenced to an indeterminate term of imprisonment of 1⅓ to 4 years.

On this appeal, defendant maintains that the People produced only hearsay evidence at the revocation hearing and thus failed to establish a violation of probation. We disagree. "A finding of a probation violation * * * must be based upon a preponderance of the evidence * * * which requires a residuum of competent legal evidence in the record" (People v Machia, 96 AD2d 1113, 1114). Hearsay may be received where relevant (see, CPL 410.70 [3]), but will not alone satisfy this standard of proof (People v Machia, supra). Our review of the record indicates that while the People's case rested in large part on hearsay testimony, other competent testimony was presented. Defendant's probation officer, Linda Pearce, testified that defendant was directed to attend a residential alcohol treatment program at Altamont House, after admitting he had been drinking. Based on information provided by Altamont House, Pearce further stated that defendant was "unsuccessfully discharged" from the program. The People also produced Michael O'Brien, court liaison for Altamont House, who testified that defendant was discharged from the program after only four days for failing to participate. This observation was based in part on O'Brien's conversations with other staff members. Significantly, O'Brien also had other direct knowledge of defendant's behavior. At their initial evaluation meeting, defendant admitted to O'Brien that he had been drinking while on probation. Upon review of defendant's file, O'Brien

---

* The menacing charge was dismissed and disregarded by County Court in its determination.

discovered that defendant failed to complete any of the required written assignments while in attendance at Altamont House. When O'Brien questioned defendant about his lack of cooperation, he denied having an alcohol problem, indicated he would "beat" any probation violation charges and declined a further opportunity to continue in the program. Under the circumstances, we find that O'Brien's testimony provides the residuum of competent legal evidence required to sustain County Court's determination (see, People v Tyrrell, 101 AD2d 946, 947). Defendant's contrary testimony simply presented a credibility issue for the court.

Finally, we cannot say that County Court abused its discretion by imposing a sentence within the permissible statutory range (People v James Z., 119 AD2d 941). Defendant has a lengthy history of alcohol-related driving offenses and, despite his previous, positive participation in alcohol treatment programs, has refused to continue his rehabilitative efforts.

Judgment affirmed. Mahoney, P. J., Kane, Casey and Levine, JJ., concur.

■ CAROL S. NIGRO, Respondent, v JOHN J. NIGRO, Appellant.—Levine, J. Appeal from an order of the Supreme Court at Special Term (Bradley, J.), entered December 19, 1985 in Albany County, which granted plaintiff's motion for a conditional order of preclusion for failure to serve a bill of particulars and denied defendant's cross motion to strike the demand for a bill of particulars.