■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HOWARD A. MORTON, Appellant. Levine, J.—Appeal from a judgment of the County Court of Otsego County (Mogavero, Jr., J.), rendered November 9, 1987, which revoked defendant's probation and imposed a sentence of imprisonment.

In 1985, after pleading guilty to one count of sexual abuse in the first degree, defendant was convicted and sentenced to one month in the Otsego County Correctional Facility and five years' probation. In September 1987, a declaration of delinquency was filed by County Court alleging that defendant had violated several conditions of his probation, to wit: consuming alcoholic beverages and operating a motor vehicle while under the influence of alcohol. When defendant appeared for arraignment on the declaration of delinquency, and after consulting with his assigned counsel, defendant admitted that he had consumed alcoholic beverages but denied operating a motor vehicle while under the influence of alcohol. A hearing was scheduled to be held one week later. Defendant thereafter served a demand to produce upon the District Attorney's office.

At the beginning of the hearing, defendant objected to proceeding on the ground that the prosecution's response to his demand to produce failed to provide all the information requested. County Court ruled that defendant was not entitled to the discovery provided for in CPL 240.20 in preparation for a hearing to determine a violation of probation. At the hearing, the two State Troopers who arrested defendant for driving while intoxicated testified for the prosecution. Defendant also testified. After the hearing, County Court found that defendant had violated his probation by consuming alcohol and operating a motor vehicle while in an intoxicated condition and the matter was adjourned for resentencing. Meanwhile, a second declaration of delinquency was filed against defendant alleging a further violation of his probation based

on his conviction of resisting arrest in late August 1987. When defendant appeared for resentencing, he admitted this violation. Defendant was then resentenced to an indeterminate term of 2 to 6 years' imprisonment. This appeal ensued.

Defendant's first contention on appeal is that he was denied due process by County Court's refusal to adjourn the violation hearing in light of the prosecution's failure to provide all the information requested in the demand to produce. We disagree. A probation violation hearing is a summary proceeding which does not trigger the strict evidentiary rules or all the procedural safeguards available to a defendant in a criminal action *(see,* CPL 410.70 [3]; *see also, People ex rel. Maiello v New York State Bd. of Parole,* 65 NY2d 145, 146-147; *People v Kovarik,* 112 AD2d 170; *People v Tyrrell,* 101 AD2d 946). As we have previously held, a defendant's "statutory and due process [rights] are met so long as [he] is given formal notice of the charges and an opportunity to be heard and to confront the witnesses against him through cross-examination" *(People v Tyrrell, supra,* at 946). Furthermore, CPL 240.20 provides for discovery where an indictment or information is pending against a defendant. In the instant case, defendant's hearing was not part of any pending criminal action on an outstanding indictment or information, but was held pursuant to the declaration of delinquency alleging that defendant had violated the orders and conditions of his probation *(see,* CPL 410.30, 410.70 [1]).

The information which the prosecutor refused to disclose consists primarily of information concerning the breathalyzer test administered to defendant. There is nothing to indicate that the prosecution failed to disclose any exculpatory *Brady* material in connection with the test *(see, Brady v Maryland,* 373 US 83) and defendant does not argue that this was the case. Indeed, the prosecution, in its response to the demand to produce, agreed to furnish the calibration records of the testing device which permitted defendant to challenge the reliability and accuracy of the machine *(see, People v English,* 103 AD2d 979). In any event, neither the result of the breathalyzer test or any of the information withheld by the prosecution was introduced at the hearing. Hence, defendant is unable to demonstrate any prejudice flowing from the prosecutor's conduct.

Defendant also contends that his resentence was illegal because the updated presentence report did not contain a resentencing recommendation. Defendant relies on CPL 390.30 and 9 NYCRR part 350 to substantiate this as error. However,

nothing in these provisions indicates that the absence of a specific sentencing recommendation vitiates the sentence imposed by County Court. Moreover, this issue was not preserved by objection at resentencing. We are also unpersuaded that the sentence imposed by County Court was harsh and excessive.

Judgment affirmed. Kane, J. P., Mikoll, Levine, Harvey and Mercure, JJ., concur.