■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KEITH A. NEUROTH, Appellant.—Appeal from a judgment of the County Court of St. Lawrence County (Nicandri, J.), rendered April 30, 1990, which modified the terms of defendant's probation.

After a hearing, County Court determined that defendant violated a specific condition of his probation and, therefore, the court modified defendant's probation by sentencing him to 30 days in the County Jail. We initially find no merit to defendant's contention that the use of the preponderance of the evidence standard deprives him of his liberty without due process of law. Not only does the statute provide for the use of this standard (CPL 470.10 [3]), but case law has held that a probation violation hearing is not a criminal proceeding (see, Gagnon v Scarpelli, 411 US 778, 782; Matter of Darvin M. v

*Jacobs,* 69 NY2d 957, 959) and, therefore, a violation of probation need not be proven beyond a reasonable doubt *(see, People v Howland,* 108 AD2d 1019, 1020; *People v Crandall,* 51 AD2d 841, 842). Having found this, we agree with County Court that the evidence presented was sufficient to prove that defendant violated a condition of his probation. To the extent the testimony was conflicting, this involved a credibility question for the court to resolve and we see no reason to disturb its finding *(see, People v Krzykowski,* 121 AD2d 831, 833). We have reviewed defendant's remaining contention and also find it lacking in merit.

Judgment affirmed. Mahoney, P. J., Casey, Weiss, Levine and Mercure, JJ., concur.