OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be affirmed.
During the Wade-Mapp hearing held immediately before defendant’s trial, defense counsel questioned whether he had been given all of the Rosario material pertaining to the arresting officer’s testimony. Specifically, counsel called the court’s attention to an unexplained reference in the file to a "note” that was apparently prepared in connection with the "DA write-up.” The prosecutor surmised that the note in question was "part of the attorney work product” and was not Rosario material, but the court directed him to make further inquiries to determine the precise nature of the note.
Defense counsel made no further requests in connection with the note before the close of the Wade-Mapp hearing. He neither asked for a short adjournment of the hearing or a postponement of the court’s final decision nor expressed an interest in reserving his right to request a reopening of the hearing in the event that the prosecutor’s inquiries revealed the existence of additional pertinent Rosario material. Consequently, the hearing went forward, and the court issued its *903 decision denying suppression without further mention of the potential Rosario problem.
Inasmuch as defense counsel failed to request specific relief during the Wade-Mapp hearing, when the court had an opportunity to prevent the harm of which defendant now complains, defendant is now foreclosed from arguing in this Court that his Rosario rights were violated by the prosecutor’s failure to turn over the note before the close of the hearing (see, CPL 470.05 [2]). Accordingly, we have no occasion to consider whether the prosecutor’s belated production of the note would have required a new Wade-Mapp hearing without regard to the resulting prejudice (see, People v Jones, 70 NY2d 547). Similarly, we do not consider whether, if a showing of prejudice were required, the trial court’s speculative conclusion that the outcome of the hearing would not have been affected was a relevant consideration in the prejudice inquiry (see, People v Ranghelle, 69 NY2d 56).
Chief Judge Wachtler and Judges Simons, Kaye, Alexander, Titone, Hancock, Jr., and Bellacosa concur.
Order affirmed in a memorandum.