■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BERNARD DIGGS, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Juviler, J.), rendered September 6, 1990, convicting him of robbery in the first degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is reversed, as a matter of discretion in the interest of justice, and a new trial is ordered.

While no errors of law have been preserved for appellate review *(see, People v Medina,* 53 NY2d 951, 953; *People v Larsen,* 157 AD2d 672), we nevertheless feel compelled, under the circumstances of this case, to reach them in the interest of justice and to reverse *(see, People v Ortiz,* 125 AD2d 502; *People v Hamilton,* 121 AD2d 176).

It is axiomatic that a criminal defendant has the constitutional right to remain silent at the time of his arrest (NY Const, art I, § 6; US Const 5th Amend) and his exercise of that right cannot be used by the People as part of their direct case *(see, People v Basora,* 75 NY2d 992, 993). Here, the prosecutor, during the People's direct case, elicited testimony from the arresting police detective that established that the defendant had refused to answer questions after being informed of his *Miranda* rights. Although the court immediately struck the testimony and gave curative instructions, this constitutional error mandates reversal since there exists a reasonable possibility that it might have contributed to the defendant's conviction *(see, People v Ayala,* 75 NY2d 422, 431).

In addition, the defendant's right to a fair trial was vitiated by the numerous nonconstitutional errors committed by the prosecutor during the course of the trial. Despite the strenuous efforts of the court, which ultimately resulted in the court's terminating the cross-examination of the defendant, the pervasive nature of these errors similarly warrant reversal.

Since further trial proceedings shall be conducted, we note that the defendant is not entitled to sanctions based upon the People's failure to preserve *Rosario* material. The audio tape

recording of the complainant's emergency 911 telephone call to the police was destroyed, pursuant to police procedure, before the defense moved for its production. There is no evidence of bad faith by the prosecution, and the typewritten "sprint report" was furnished to the defense (see, People v Haupt, 71 NY2d 929; People v Deas, 174 AD2d 751; People v Hyde, 172 AD2d 305). Balletta, J. P., O'Brien, Ritter and Copertino, JJ., concur.