■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LARRY MALLORY, Appellant. (Appeal No. 1.) [595 NYS2d 266] —Judgment unanimously affirmed. Memorandum: Defendant contends that Supreme Court's determination that he violated the terms of his probation by possessing approximately 1/8 ounce of cocaine on March 15, 1991 was against the weight of the evidence. He contends that the court erred in crediting the testimony of the prosecution's chief witness, a police officer, rather than the testimony of numerous defense witnesses. "Credibility is best determined by the trier of fact who has the advantage of observing the witnesses and, necessarily, is in a superior position to judge veracity than an appellate court, which reviews but the printed record" *(People v Shedrick,* 104 AD2d 263, 274, *affd* 66 NY2d 1015; *see also, People v Cohen,* 223 NY 406, 422-423, *rearg denied* 227 NY 623; *People v Majeer,* 100 AD2d 830). Contrary to defendant's assertions, the testimony of the prosecution's chief witness was not " 'impossible of belief because it [was] manifestly untrue, physically impossible, contrary to experience, or self-contradictory' " *(People v Stroman,* 83 AD2d 370, 373), and therefore cannot be rejected as incredible as a matter of law. From our review of the record, we find no basis to disturb the trier of fact's determination to credit the testimony of the prosecution's chief witness over that of defendant's witnesses, and conclude that the court's finding that defendant had violated the conditions of his probation is not against the weight of the evidence *(see generally, People v Bleakley,* 69 NY2d 490, 495).

We also conclude that, although there was a typographical error with respect to the time of day in the accusatory instrument attached to the information for delinquency, defendant's statutory and due process rights were met because he had adequate notice of the charges against him and an

opportunity to be heard and to confront the People's witnesses *(see, People v Morton,* 142 AD2d 763, 764; *People v Tyrrell,* 101 AD2d 946).

Defendant further contends that the court's finding that he violated his probation must be reversed because his probation violation hearing was held jointly with a suppression hearing. Because no objection was made by defense counsel to that combined proceeding, any error has not been preserved for our review and we decline to reach the issue as a matter of discretion in the interest of justice *(see,* CPL 470.15 [6]). In any event, we conclude that a combined hearing would not warrant reversal *(see generally, People v Dancey,* 57 NY2d 1033; *People v Danylocke,* 150 AD2d 480, *lv denied* 74 NY2d 846).

We have reviewed defendant's remaining contentions and find them to be without merit. (Appeal from Judgment of Supreme Court, Monroe County, Mark, J.—Violation of Probation.) Present—Callahan, J. P., Pine, Lawton, Boomer and Davis, JJ.)