■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RONNIE MITCHELL, Also Known as RONALD QUATTLEBAUM, Appellant. [607 NYS2d 417] —Appeal by the defendant from an amended judgment of the Supreme Court, Queens County (Joy, J.), rendered June 3, 1991, as amended March 25, 1992, revoking a sentence of probation previously imposed by the same court, upon a finding that he had violated a condition thereof, after a hearing, and imposing a sentence of imprisonment upon his previous conviction of attempted criminal sale of a controlled substance in the third degree.

Ordered that the matter is remitted to the Supreme Court, Queens County, to hear and report whether the Department of Probation has in its possession any prior statements of the hearing witnesses regarding the events to which they testified at the hearing on the defendant's violation of probation, and the appeal is held in abeyance in the interim. The Supreme Court shall issue its report with all deliberate speed.

We find unpersuasive the contention of the Department of Probation that the defendant waived his right to pursue the instant appeal in a subsequent plea agreement on an unrelated indictment. Neither the oral waiver entered on the record in connection with that plea nor the written waiver form executed by the defendant indicated that the waiver of the right to appeal extended to the previous probation violation *(cf., People v Graham,* 177 AD2d 505).

Similarly unavailing is the claim of the Department of Probation that the present appeal should be dismissed because the defendant has already challenged the probation violation as part of his excessive sentence appeal from another convic-

tion. The record and the order of this Court determining that excessive sentence appeal refute this assertion (see, People v Quattlebaum, 196 AD2d 950).

We reject the defendant's contention that the court's determination regarding his violation of probation is not supported by legally sufficient proof and is against the weight of the evidence. The testimony of the victim and an eyewitness and the introduction of the victim's hospital records amply demonstrated by a preponderance of the evidence that the defendant violated a condition of his probation (see generally, CPL 410.70 [3]; People v Schneider, 188 AD2d 754; People v Davis, 155 AD2d 610; People v Gardner, 116 AD2d 735; People v Howland, 108 AD2d 1019). To the extent that the defendant challenges the veracity of the hearing witnesses by pointing to inconsistencies in their testimony, we note that these discrepancies raised an issue of credibility for the court to resolve (see, People v Neuroth, 172 AD2d 886; People v Krzykowski, 121 AD2d 831), and we discern no basis on this record for disturbing its determination (see generally, People v Forman, 105 AD2d 984).

We further agree with the Department of Probation that, due to the summary and informal nature of probation revocation proceedings (see generally, CPL 410.70 [3]; Matter of Darvin M. v Jacobs, 69 NY2d 957; People v Tyrrell, 101 AD2d 946), the discovery provisions of CPL article 240 are inapplicable to those proceedings (see, e.g., People v Morton, 142 AD2d 763). However, to the extent that the defendant sought access to the prior statements, if any, of the hearing witnesses concerning the subject of their testimony, we have held under similar circumstances that such material should be turned over in order to afford a defendant a meaningful opportunity to conduct cross-examination at a probation revocation hearing (see, People v Adams, 47 AD2d 928). Since the record does not indicate whether any such prior statements are in the possession of the Department of Probation, we remit the matter to the Supreme Court to hear and report on this question, and hold the appeal in abeyance in the interim. The defendant's remaining discovery requests are either unpreserved for appellate review or improper. Bracken, J. P., Sullivan, Krausman and Goldstein, JJ., concur.