■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RALPH MCKINLEY, Appellant. [610 NYS2d 802] —Appeal by the defendant from (1) a judgment of the County Court, Westchester County (Nicolai, J.), rendered December 13, 1989, convicting him of criminal sale of a controlled substance in the third degree and criminal possession of a controlled substance in the third degree under Indictment No. 89-00223-01, upon a jury verdict, and (2) a judgment of same court, also rendered December 13, 1989, convicting him of criminal sale of a controlled substance in the third degree and criminal possession of a controlled substance in the third degree under

Indictment No. 89-00149-02, upon a jury verdict, and imposing sentences.

Ordered that the judgments are modified, as a matter of discretion in the interest of justice, to provide that all terms of imprisonment shall run concurrently; as so modified, the judgments are affirmed.

Viewing the evidence, in the light most favorable to the prosecution *(see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence *(see,* CPL 470.15 [5]).

The defendant's *Rosario* claims regarding a dictaphone tape have not been preserved for appellate review since the defense counsel failed to object, seek sanctions, or move for a mistrial upon learning of the existence of the tape and its possible destruction *(see, People v Rogelio,* 79 NY2d 843, 844; *People v Rivera,* 78 NY2d 901, 902-903; *People v Jackson,* 78 NY2d 900, 901; *People v Sheppard,* 185 AD2d 904, 905; *People v Merchant,* 171 AD2d 887; *People v Provenzano,* 154 AD2d 486). The trial court was not required to impose sanctions, *sua sponte (see, People v Best,* 145 AD2d 499). Moreover, we decline to reach this issue in the exercise of our interest of justice jurisdiction since there is no evidence of bad faith on the part of the prosecution *(see, People v Rice,* 75 NY2d 929, 932; *People v Diggs,* 185 AD2d 990; *People v Hyde,* 172 AD2d 305).

Contrary to the defendant's contention, the People properly established a chain of custody for the admission of drugs into evidence *(see, People v Julian,* 41 NY2d 340, 342-343; *People v Newman,* 129 AD2d 742). The trial court's alibi charge did not shift the burden of proof away from the prosecution *(see, People v Wintje,* 68 NY2d 637). Review of the record reveals that the defendant received the meaningful representation of counsel *(see, People v Baldi,* 54 NY2d 137, 146-147).

The defendant's sentence was excessive to the extent indicated herein.

The defendant's remaining contentions are either unpreserved for appellate review *(see,* CPL 470.05 [2]; *People v Medina,* 53 NY2d 951; *People v Johnson,* 154 AD2d 618), or without merit. Rosenblatt, J. P., Ritter, Pizzuto and Altman, JJ., concur.