■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TERRY L. RECOR, Appellant. [619 NYS2d 186] —White, J. Appeal from a judgment of the County Court of Franklin County (Main, Jr., J.), rendered October 25, 1993, which revoked defendant's probation and imposed a sentence of imprisonment.

In 1990, defendant pleaded guilty to driving while intoxicated, a felony, and aggravated unlicensed operation of a motor vehicle, and was sentenced to five years' probation in Clinton County, which probation was later transferred to Franklin County. During the summer of 1993, defendant was twice arrested, once for harassment and once for obstructing governmental administration, and on each occasion the arresting officer noted that defendant was intoxicated, which resulted in a violation of probation being filed with Franklin County Court. A hearing was held on September 17, 1993, at which time defendant was found to have violated his probation, and on October 25, 1993 he was sentenced to a period of incarceration of 1⅓ to 4 years.

Defendant's main contention on this appeal is that he was foreclosed from presenting a defense of mental disease or defect since County Court held that Penal Law § 40.15 was not applicable in a violation of probation proceeding. It is the general rule that a violation of probation hearing is a summary proceeding which does not trigger strict evidentiary rules or all the procedural safeguards available to a defendant in a criminal action, and that statutory and due process rights are met as long as a defendant is given formal notice of the charges, along with an opportunity to be heard and to confront the witnesses against him *(see, People v Minard,* 161

AD2d 607, *lv denied* 76 NY2d 861; *People v Morton,* 142 AD2d 763). The Court of Appeals has held that a violation of probation giving rise to a revocation proceeding is not a crime or offense, nor a criminal action which terminates upon sentencing, but rather a criminal proceeding brought for the purpose of determining if the defendant's subsequent acts violated the conditions of his sentence, not whether the acts constituted a crime *(see, Matter of Darvin M. v Jacobs,* 69 NY2d 957). Therefore, we find that County Court was correct in holding that the affirmative defense of mental disease or defect as set forth in Penal Law § 40.15 does not apply to this type of proceeding. Further, a review of the record indicates that the finding of County Court was based upon a preponderance of the evidence and was sufficient to support the order revoking probation *(see, People v Mitchell,* 184 AD2d 737, *lv denied* 80 NY2d 907; *People v Neuroth,* 172 AD2d 886, *lv denied* 78 NY2d 956; *People v Crandall,* 51 AD2d 841). In light of defendant's history of alcohol-related offenses, we are unpersuaded that the sentence imposed by County Court was harsh and excessive *(see, People v Morton, supra).*

Cardona, P. J., Casey and Peters, JJ., concur. Ordered that the judgment is affirmed.