■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TONY JOHNSON, Appellant. [631 NYS2d 927] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Lipp, J.), rendered August 12, 1993, convicting him of robbery in the first degree and criminal possession of stolen property in the fifth degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial (Meyerson, J.), after a hearing, of those branches of the defendant's omnibus motion which were to suppress physical evidence and identification testimony.

Ordered that the judgment is affirmed.

Contrary to the defendant's contention, there was ample support in the record for the hearing court's denial of those branches of the defendant's omnibus motion which were to suppress physical evidence and identification testimony. The complainant's identification of the defendant during a neighborhood canvass provided a sufficient basis for the detective's exercise of the common-law right to inquire *(see, People v Hollman,* 79 NY2d 181; *People v De Bour,* 40 NY2d 210).

The trial court did not err in denying the defendant's request to preclude the complainant's testimony describing the person who robbed her as a sanction for failing to preserve the audiotape of the complainant's telephone call to 911 *(see, People v Martinez,* 71 NY2d 937; *People v Haupt,* 71 NY2d 929). The sanction imposed, an adverse inference charge, was sufficient under the circumstances, since there was no evidence of bad faith by the prosecution, and the so-called "Sprint" tape containing communications between police officers and a police department operator was furnished to the defense *(see, People v Diggs,* 185 AD2d 990; *People v Deas,* 174 AD2d 751).

Finally, the defendant's challenges to the imposition of the mandatory surcharge are unpreserved for appellate review *(see,* CPL 470.05 [2]; *People v Santos,* 176 AD2d 245). O'Brien, J. P., Copertino, Santucci and Joy, JJ., concur.