■ In the Matter of RICHARD K., a Person Alleged to be a Juvenile Delinquent, Appellant. [642 NYS2d 46] —In a juvenile delinquency proceeding pursuant to Family Court Act article 3, the appeal is from an order of disposition of the Family Court, Queens County (Lauria, J.), dated July 13, 1995, which, upon a fact-finding order of the same court (Gage, J.), dated June 12, 1995, made after a hearing, finding that the appellant had committed an act which, if committed by an adult, would have constituted the crime of robbery in the first degree, adjudged him to be a juvenile delinquent and placed him with the New York State Division for Youth, Title III, for a period of three years. The appeal brings up for review the fact-finding order dated June 12, 1995.

Ordered that the order of disposition is affirmed, without costs or disbursements.

The appellant contends that the evidence was insufficient to support the conclusion that he had committed the act in issue because the victim's identification testimony was contradicted by the documentary evidence and by the testimony of other witnesses. However, resolution of issues of credibility, as well as the weight to be accorded to the evidence presented, are primarily questions to be determined by the finder of fact, which saw and heard the witnesses (*see, People v Gaimari,* 176 NY 84, 94). Its determination should be accorded great weight on appeal and should not be disturbed unless clearly unsupported by the record (*see, People v Garafolo,* 44 AD2d 86, 88). Upon the exercise of our factual review power, we are satisfied that the court's finding of guilt is not against the weight of the evidence (*see,* CPL 470.15 [5]).

The appellant's remaining contention, involving an alleged *Rosario* violation, is unpreserved for appellate review (*see, People v Rogelio,* 79 NY2d 843; *People v Rivera,* 78 NY2d 901) and we decline to reach it in the exercise of our interest of justice jurisdiction (*see, People v McKinley,* 202 AD2d 520, 521). Miller, J. P., O'Brien, Copertino and Pizzuto, JJ., concur.