■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LUCIOUS KITCHENS, Appellant. [651 NYS2d 801] —Judgment unanimously affirmed. Memorandum: On this appeal from a judgment finding that defendant had violated the terms of his probation, defendant contends that County Court's determination is against the weight of the evidence because he was acquitted by a jury of all criminal charges upon which the delinquency information was based. The fact that defendant was acquitted of the underlying charges is irrelevant. "The rules of evidence and the burden of proof in a probation revocation hearing are different from those in a criminal trial" (*People v Britton*, 158 AD2d 932, 933, *lv dismissed* 76 NY2d 785; *see*, CPL 410.70 [3]). Upon our review of the record, we conclude that the court's finding that defendant violated the terms of his probation by committing another crime or offense while on probation is not against the weight of the evidence (*see, People v Mallory*, 191 AD2d 970, *lv denied* 81 NY2d 1016). (Appeal from Judgment of Monroe County Court, Bristol, J.—Violation of Probation.) Present—Green, J. P., Pine, Callahan, Doerr and Davis, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TYRONE POWELL, Appellant. [651 NYS2d 788] —Judgment unanimously affirmed. Memorandum: The verdict is supported by sufficient evidence and is not against the weight of the evidence (*see, People v Bleakley*, 69 NY2d 490, 495). When the existence of a written statement of a prosecution witness came to light at trial, defendant failed to object, to seek the statement or to move for sanctions. Defendant's argument that the prosecutor failed to comply with his *Rosario* obligation is, therefore, not preserved for our review (*see, People v Graves*, 85 NY2d 1024, 1027; *People v Rogelio*, 79 NY2d 843, 844; *People v Pennington*, 217 AD2d 919, 920, *lv denied* 87 NY2d 906; *People v Vacante*, 215 AD2d 415, *lv denied* 86 NY2d 784; *People v McKinley*, 202 AD2d 520, 521, *lv denied* 84 NY2d 829), and we decline to exercise our power to reach the issue as a matter of discretion in the interest of justice (*see,* CPL 470.15 [6] [a]; *People v McKinley, supra*, at 521). Given the violent nature of the crimes, we decline to exercise our power to modify the sentence as a matter of discretion in the interest of justice (*see,* CPL 470.15 [6] [b]). (Appeal from Judgment of Supreme Court, Erie County, Wolfgang, J.—Attempted Murder, 2nd Degree.) Present—Green, J. P., Pine, Callahan, Doerr and Davis, JJ.