■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v THOMAS OGDEN, Appellant. [654 NYS2d 847] —Yesawich Jr., J. Appeal from a judgment of the County Court of Greene County (Pulver, Jr., J.), rendered January 30, 1996, which revoked defendant's probation and imposed a sentence of imprisonment.

Defendant questions County Court's conclusion, made after a hearing, that he violated conditions of his probation (see, CPL 410.70 [3]; People v Crandall, 51 AD2d 841, 842). We affirm.

It is readily inferable from the hearing testimony that defendant deliberately engaged in a pattern of uncooperative behavior when asked by two different persons—a recovery counselor and his probation officer—to provide a urine sample for testing. The facts surrounding these requests are essentially undisputed, and provide sufficient basis for concluding that he willingly refused to submit to the drug test. In addition, defendant's subsequent admission that he had been using illegal drugs during the months immediately preceding these events further substantiates the finding that his refusal was voluntary, by demonstrating a motive therefor (cf., People v Tyrrell, 101 AD2d 946).

Nor did County Court err in determining that defendant breached the requirement that he refrain from committing any further offense (see, CPL 410.10 [2]), by intentionally striking his girlfriend in the mouth, harassing and otherwise physically injuring her (see, Penal Law §§ 120.00, 240.26 [1]). Although there was contradictory evidence, namely testimony from the victim that she had not read the complaint she filed with the police and later withdrew, that it contained an inaccurate description of the incident and that her injuries had not been intentionally inflicted, in view of the remainder of the record evidence it cannot be said that County Court's rejection of this account was unwarranted (see, People v Krzykowski, 121 AD2d 831, 833).

And, considering defendant's criminal history, which

includes 17 arrests in as many years, as well as several prior instances of driving while under the influence of drugs or alcohol, a prison sentence of 1¹/₃ to 4 years for this felony conviction for driving while intoxicated is condign punishment (*see, People v Collins*, 190 AD2d 909, 910, *lv denied* 81 NY2d 883; *People v Bushey*, 114 AD2d 690, 691, *lv denied* 67 NY2d 649). Defendant's assertion that the sentence must be reversed, because it was premised upon County Court's assumption that it could dictate the place of defendant's confinement, is also meritless. The court's expression of its preference that defendant be confined in Greene County was not a condition of the sentence. Apart from that, defendant has not demonstrated, and we find no basis in the record for concluding, that County Court would have set a lesser sentence had it been aware that it lacked authority to affect the location where defendant would serve his time.

Mikoll, J. P., Crew III, Spain and Carpinello, JJ., concur. Ordered that the judgment is affirmed, and matter remitted to the County Court of Greene County for further proceedings pursuant to CPL 460.50 (5).