■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v WILLIAM HILTON, Respondent. [697 NYS2d 660] —Appeal by the

People from so much of an order of the Supreme Court, Queens County (Rotker, J.), dated January 5, 1999, as granted the defendant's motion to dismiss Queens County Indictment No. 1525/98 to the extent of dismissing, on the ground of collateral estoppel, the first count of the indictment, which charged the defendant with sexual abuse in the first degree.

Ordered that the order is reversed insofar as appealed from, on the law, that branch of the defendant's motion which was to dismiss the first count of the indictment on the ground of collateral estoppel is denied, and that count is reinstated.

While on probation in connection with a previous criminal conviction, the defendant was indicted for offenses arising from his alleged sexual molestation of a child. A violation of probation petition was also filed against him based on the same alleged conduct. At the suggestion of the Supreme Court Justice assigned to the case (Rotker, J.), the People went forward first, with a hearing on the violation of probation petition. Following that hearing, which was conducted before a different Supreme Court Justice, the Supreme Court (Chetta, J.), dismissed the petition, finding that "the People have *not* sustained their burden of proof of establishing that [the] defendant violated the terms and conditions of his probationary sentence". Thereafter, the defendant moved before Justice Rotker, *inter alia*, to dismiss the indictment on the ground that the People were collaterally estopped from further litigating the question of whether he sexually abused the subject child. Justice Rotker agreed and dismissed the first count of the indictment, which charged the defendant with sexual abuse in the first degree (*People v Hilton,* 179 Misc 2d 538). We reverse and reinstate that count.

We agree with the People that sound policy considerations preclude according violation of probation determinations collateral estoppel effect so as to bar subsequent criminal prosecutions based on the same conduct. It is well settled that the doctrine of collateral estoppel is highly flexible in nature (*see, Staatsburg Water Co. v Staatsburg Fire Dist.,* 72 NY2d 147; *People v Sailor,* 65 NY2d 224, *cert denied* 474 US 982), defying rigid or mechanical application even where its technical requirements have been met (*see, People v Roselle,* 84 NY2d 350; *Gilberg v Barbieri,* 53 NY2d 285). Moreover, relevant decisional law demonstrates that application of the doctrine in criminal cases is extremely limited (*see, Matter of Juan C. v Cortines,* 89 NY2d 659; *People v Aguilera,* 82 NY2d 23; *People v Berkowitz,* 50 NY2d 333; *cf., People v Acevedo,* 69 NY2d 478). In *People v Fagan* (66 NY2d 815), the Court of Appeals was

confronted with an issue similar to the one presented in this case—whether the dismissal of a parole revocation proceeding precluded a later criminal prosecution based on the same acts. Observing that "[t]he correct determination of guilt or innocence is paramount in criminal cases", the Court of Appeals held that collateral estoppel was inapplicable because "[s]trong policy considerations militate against giving issues determined in prior litigation preclusive effect in a criminal case, and indeed we have never done so" (*People v Fagan, supra,* at 816). Given the fundamental procedural and substantive differences between violation of probation proceedings and criminal prosecutions (*see, Matter of Darvin M. v Jacobs,* 69 NY2d 957; *People v Kitchens,* 234 AD2d 905; *People v Mitchell,* 201 AD2d 507), and the overriding societal interest in seeing that criminal matters are resolved correctly (*see, People v Aguilera, supra; People v Berkowitz, supra*), we find that those same "strong policy considerations" render the doctrine of collateral estoppel inapplicable in this case. Additionally, we agree with the People that their "incentive to litigate in a felony prosecution would presumably be stronger than in a [violation of probation] proceeding" (*People v Fagan, supra,* at 816; *see generally, Staatsburg Water Co. v Staatsburg Fire Dist., supra; People v Plevy,* 52 NY2d 58), and the defendant's arguments regarding the facts of this particular case do not warrant a contrary conclusion. Thompson, J. P., Joy, McGinity and Feuerstein, JJ., concur.