■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GUY R. HARDY, Appellant. [711 NYS2d 502] —Appeal by the defendant from two judgments of the County Court, Suffolk County (Weber, J.), both rendered November 1, 1996, convicting him of robbery in the first degree (two counts), kidnapping in the second degree (two counts), sodomy in the first degree, grand larceny in the fourth degree, unauthorized use of a motor vehicle in the first degree, criminal possession of stolen property in the third degree, and criminal possession of stolen property in the fourth degree under Indictment No. 3135/95, and robbery in the first degree and kidnapping in the second degree under Indictment No. 222/96, upon a jury verdict, and imposing sentences.

Ordered that the judgments are affirmed.

The defendant was convicted of committing a number of armed robberies in which he abducted several people at gunpoint as they approached their cars. He then robbed the victims, forced them to drive to automatic teller machines and withdraw money, threatened to kill them, and sodomized one of the victims.

At trial, one of the victims testified that the man who attacked her was wearing black gloves. The police recovered a pair of gloves from the defendant at the time of his arrest but subsequently misplaced them and, as a result, the gloves could not be produced at trial. The defendant's contention that the trial court's instruction to the jury that an adverse inference could be drawn from the People's failure to produce the gloves at trial was an inadequate sanction is unpreserved for appellate review (*see, People v Jordan,* 62 NY2d 825). In any event, this claim is without merit (*see, People v Gibbs,* 85 NY2d 899; *People v Martinez,* 71 NY2d 937; *People v Johnson,* 220 AD2d 455).

The admission of photographs of the defendant wearing prison clothing was not prejudicial in light of the defendant's claim that he was beaten by the police while in custody, which placed in issue his physical condition after his arrest (see, People v Sharpe, 259 AD2d 639).

The defendant's remaining contentions are either unpreserved for appellate review or without merit. Santucci, J. P., S. Miller, Florio and McGinity, JJ., concur.