■ In the Matter of DARREN W., JR., a Person Alleged to be a Juvenile Delinquent, Appellant. [955 NYS2d 518]—In a juvenile delinquency proceeding pursuant to Family Court Act article 3, Darren W. appeals from an order of disposition of the Family Court, Kings County (Elkins, J.), dated December 5, 2011, which, upon a fact-finding order of the same court dated August 11, 2011, made after a hearing, and upon his admission, finding that he committed an act which, if committed by an adult, would have constituted a violation of section 10-134.1 (e) of the Administrative Code of the City of New York, which prohibits the possession of a box cutter in a public place while under the age of 21, adjudged him to be a juvenile delinquent and placed him in the custody of the New York State Office of Children and Family Services for a period of 12 months. The appeal brings up for review the denial, after a hearing, of that branch of the appellant's omnibus motion which was to suppress certain physical evidence.

Ordered that the order of disposition is affirmed, without costs or disbursements.

Contrary to the appellant's contention, the police conduct in this case was justified at its inception and reasonably limited in scope at each step in response to the circumstances presented (see People v De Bour, 40 NY2d 210, 222-223 [1976]; People v Williams, 238 AD2d 531, 532 [1997]; People v Johnson, 220 AD2d 455, 455 [1995]; see also People v Johnson, 244 AD2d 573, 573 [1997]; People v Diaz, 131 AD2d 690, 693 [1987]; cf. People v Riddick, 269 AD2d 471, 471-472 [2000]). Accordingly, the Family Court properly denied that branch of the appellant's omnibus motion which was to suppress certain physical evidence. Dillon, J.P., Leventhal, Austin and Miller, JJ., concur.