People v Vedder (2019 NY Slip Op 03702)





People v Vedder


2019 NY Slip Op 03702


Decided on May 9, 2019


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: May 9, 2019

109089

[*1]THE PEOPLE OF THE STATE OF NEW YORK, Respondent,
v
MICHAEL VEDDER, Appellant.

Calendar Date: March 26, 2019

Before: Garry, P.J., Lynch, Clark, Mulvey and Rumsey, JJ.


G. Scott Walling, Slingerlands, for appellant.
Robert M. Carney, District Attorney, Schenectady (Peter H. Willis of counsel), for respondent.



MEMORANDUM AND ORDER
Rumsey, J.
Appeal from a judgment of the County Court of Schenectady County (Sypniewski, J.), rendered August 31, 2016, which revoked defendant's probation and imposed a sentence of imprisonment.
In 2011, defendant pleaded guilty to the crime of rape in the second degree, admitting that he had engaged in intercourse with a female child who was less than 15 years old, and was sentenced to six months in jail and 10 years of probation. In February 2016, defendant was arrested and charged with criminal sexual act in the second degree, sexual abuse in the second degree and endangering the welfare of a child, based on allegations that he had engaged in sexual conduct with a 13 year old (hereinafter the victim), and was thereafter charged with violating certain conditions of his probation. At an evidentiary hearing, Eric Lindh, a Schenectady County Probation Department supervisor, testified that he spoke with defendant about potential probation violations after conducting an interview of the victim, who disclosed information that led Lindh to believe that defendant was involved in a relationship with the victim. County Court denied defendant's request that the People be required to produce the notes that Lindh made following his interview of the victim. County Court found that defendant had violated the conditions of his probation, revoked his probation and resentenced him to seven years in prison, followed by 10 years of postrelease supervision. Defendant appeals.
We affirm. Defendant's sole contention on appeal is that County Court erred by failing to order the People to produce Lindh's interview notes as Rosario material. " A probation violation hearing is a summary proceeding which does not trigger the strict evidentiary rules or all the procedural safeguards available to a defendant in a criminal action. As we have previously held, a defendant's statutory and due process rights are met so long as he [or she] is given formal notice of the charges and an opportunity to be heard and to confront the witnesses against him [or her] through cross-examination" (People v Morton , 142 AD2d 763, 764 [1988] [internal quotation marks, brackets and citations omitted]). Although the discovery provisions of [*2]CPL article 240 are generally inapplicable to probation violation hearings (see People v Mitchell , 201 AD2d 507, 508 [1994]; People v Morton , 142 AD2d at 764), prior statements of the hearing witnesses regarding the subject of their testimony should be provided to a defendant to the extent that they are necessary to afford him or her the opportunity to conduct meaningful cross-examination (see People v Mitchell , 201 AD2d at 508).
Lindh's testimony regarding his interview of the victim was limited to the fact that the information she disclosed caused him to commence his investigation of potential probation violations that may have been committed by defendant; Lindh did not testify directly to the substance of the information that the victim disclosed during the interview. Notably, Lindh testified at length regarding his interview of defendant, who admitted to engaging in conduct that established that he had violated the conditions of his probation. Under these circumstances, especially the limited scope of Lindh's testimony about his interview of the victim, his notes regarding that interview were not necessary to afford defendant the opportunity to conduct meaningful cross-examination of Lindh.
Garry, P.J., Lynch, Clark and Mulvey, JJ., concur.
ORDERED that the judgment is affirmed.