■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KENNETH J. MORSE, Appellant. — Appeal from a judgment of the County Court of Cortland County (Kepner, Jr., J.), rendered September 1, 1982, which revoked defendant's probation and imposed a sentence of imprisonment. The principal issue on this appeal is whether the "preponderance of the evidence" standard of proof utilized in probation revocation proceedings (CPL 410.70, subd 3) offended defendant's right to due process of law. Although this argument was not advanced earlier, we consider it in the interest of justice (CPL 470.15, subd 6). Relying upon *Santosky v Kramer* (455 US 745), defendant maintains that

because his liberty was at stake, the measure of proof governing the revocation proceeding should have been the "clear and convincing evidence" standard. In *Santosky,* a proceeding initiated to terminate parental rights, it was declared that a parent's strong interests in raising his or her natural child could not be adequately protected unless the stricter evidentiary standard of "clear and convincing evidence" was applied. There is, however, no indication in *Santosky* that the court intended to abandon its former decisions delineating due process requirements for the revocation of probation (*Gagnon v Scarpelli,* 411 US 778; *Morrissey v Brewer,* 408 US 471). Furthermore, given the manifest differences between a proceeding designed to permanently deprive a parent of custody and one which is merely aimed at determining whether a convicted criminal has violated the terms of a prior sentence, we believe that the *Santosky* rationale is inapplicable in the probation revocation context. Defendant was afforded all the safeguards required by *Morrissey* and, after considering the record as a whole, we conclude that he received an effective hearing (*id.,* at p 484). We have considered defendant's other arguments and find them lacking in merit. Judgment affirmed. Main, J. P., Casey, Yesawich, Jr., Weiss and Levine, JJ., concur.