■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LANCE J. MCADAMS, Appellant. — Appeal from a judgment of the County Court of Otsego County (Mogavero, Jr., J.), rendered April 11, 1983, which revoked defendant's probation and imposed a sentence of imprisonment. This 17-year-old defendant was the driver and lookout in a burglary of the Laurens Central School in which two accomplices broke in and stole a synthesizer which was intended to be used in a band they were about to start. On December 6, 1982, defendant pleaded guilty to burglary in the third degree and, on January 10, 1983, he was accorded youthful offender treatment and placed on probation for a period of five years. When the crime was committed, defendant, who has an alcohol problem, concededly had been drinking. A special condition of his probation was that he not drink alcoholic beverages or enter or remain in any premises where alcoholic beverages are served for on-premises consumption. He admittedly violated this condition on March 18, 1983, and County Court thereupon resentenced him to an indeterminate term of imprisonment of 1⅓ to 4 years, the maximum sentence which could be imposed. The claimed harshness and excessiveness of this sentence underlies this appeal. Prior to involvement in this burglary, defendant had an unblemished criminal record and it does not appear that he was the guiding force behind this crime. Further, while there is no medical evidence to substantiate his counsel's claim that defendant suffers from the disease of alcoholism, as the probation report suggests and the sentencing court recognized by imposing as a condition of probation that defendant not drink alcoholic beverages, alcohol abuse is defendant's chief problem. Given that his difficulties are alcohol related, that he is aware of this and is willing to co-operate with the county mental health clinic in an effort to address the problem, his continued confinement serves no legitimate penal purpose whether it be society's protection, rehabilitation or deterrence. Although we are fully mindful of the principle that sentences are to be formulated so as to deal with the particular needs and circumstances of the specific defendant before the sentencing court (*People v Dittmar*, 41 AD2d 788), we nevertheless find it troublesome that the court treated this boy markedly differently from his accomplices. One of his codefendant's probation was conditioned on completing the teen challenge program. Despite his failure to do so and two prior convictions for disorderly conduct and harassment, the court, on resentencing him for the probation violation, merely gave him six months in the county jail and four and one-half years on probation. The other accomplice also violated a special condition of his probation; he refused to undergo treatment for drug abuse at the Albany Youthful Drug Abuse Clinic. Despite his refusal to even enter the program and a record of two marihuana possession offenses, on resentencing he was simply directed to return to the clinic and was continued on probation on the same terms as originally imposed. This disparity in treatment, though not dispositive, does lend some substance to the charge that the sentence imposed herein was unduly harsh. Believing as we do that further confinement is not justified and a less restrictive deterrent is indicated, in the exercise of our discretion and in the interest of justice the sentence is hereby modified to time already served and to a term of probation, the terms of which shall be fixed by the trial court and

shall include defendant's active participation in a program designed to educate the public respecting alcohol abuse (see *People v Whiting,* 89 AD2d 694). Judgment modified, as a matter of discretion in the interest of justice, by reducing the sentence imposed in accordance with the terms of this decision, and matter remitted to County Court of Otsego County for further proceedings not inconsistent herewith, and, as so modified, affirmed. Mikoll, Yesawich, Jr., Weiss and Levine, JJ., concur.