■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHARLES L. HOWLAND, III, Appellant. — Weiss, J. Appeal from a judgment of the County Court of Otsego County (Mogavero, Jr., J.), rendered October 17, 1983, which revoked defendant's probation and imposed a sentence of imprisonment.

In January 1983, defendant was sentenced to five years' probation upon his plea of guilty to burglary in the third degree, stemming from his participation in a break-in at the Laurens Central School during which a synthesizer was taken (*see,*

*People v McAdams* 99 AD2d 855). In March 1983, defendant was found to have violated the conditions of probation by failing to participate in the Teen Challenge Program and was sentenced to six months' imprisonment, together with four and one-half years of probation. In June 1983, a second violation was filed against defendant premised on his conviction for disorderly conduct. This conviction, however, was later vacated and the violation was not pursued. Finally, in October 1983, defendant was found to have violated the conditions of probation by abusing alcohol. After a hearing, his probation was revoked and he was sentenced to a term of 1½ to 4½ years' imprisonment. This appeal ensued.

Defendant urges that the condition of probation found to have been violated, i.e., that he was not to "abuse the use of alcohol", was unconstitutionally vague and could not support a basis for the violation. We disagree. The condition is sufficiently explicit to inform a reasonable person of conduct to be avoided (*see, People v Cruz,* 48 NY2d 419, *appeal dismissed* 446 US 901; *People v Miller,* 106 AD2d 787). There is ample evidence to establish a violation of this condition. Defendant was shown to have become disruptive and intoxicated at a wedding reception in a public establishment. In view of defendant's evident inability to comply with the conditions of probation, we cannot say that County Court abused its discretion by revoking probation and imposing a sentence within the statutory guidelines (Penal Law § 70.00; *People v Willi,* 77 AD2d 711). Finally, we note that the "preponderance of evidence" standard of proof utilized in probation revocation proceedings does not offend defendant's right to due process of law (CPL 410.70 [3]; *People v Morse,* 96 AD2d 654).

Judgment affirmed. Mahoney, P. J., Weiss, Mikoll, Yesawich, Jr., and Harvey, JJ., concur.