■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT J. HEMPHILL, Appellant.—Weiss, J. Appeal from a judgment of the County Court of Albany County (Harris, J.), rendered September 14, 1984, which revoked defendant's probation and imposed a sentence of imprisonment.

In September 1980, defendant pleaded guilty in Albany

County to burglary in the third degree and was sentenced to a term of 60 days in jail and a concurrent term of five years' probation. On June 19, 1984, defendant pleaded guilty in Schenectady Police Court to operating a motor vehicle while under the influence of alcohol (driving while intoxicated). As a result of the Schenectady conviction, defendant was arraigned on August 1, 1984 for violation of the terms of his probation and, after a hearing, was found guilty. The previously imposed probation was revoked and defendant was resentenced by County Court to an indeterminate term of imprisonment of 2⅓ to 7 years. Defendant has appealed.

Defendant maintains that the People failed to present sufficient evidence of a violation of probation. We disagree. Initially, we observe that the People's burden was to demonstrate a violation by a preponderance of the evidence, not, as defendant suggests, by proof beyond a reasonable doubt (CPL 410.70 [3]; *People v Morse,* 96 AD2d 654). Defendant's argument that he was never properly identified as the same individual convicted on the Schenectady driving while intoxicated charge is not persuasive. The arresting officer identified defendant as the same individual and confirmed that defendant pleaded guilty to the charge. In addition, the processing officer also identified defendant, whose photograph and fingerprints taken at the time of arrest were received into evidence. As a result, a sufficient foundation was established for receipt into evidence of the certificate of conviction from Schenectady Police Court.

We further agree with County Court's assessment that, once the driving while intoxicated conviction was authenticated, it was unnecessary to pursue a coram nobis review of the underlying circumstances. In any event, defendant's assertion that the Schenectady police lacked probable cause to arrest him was waived upon entry of the guilty plea *(see, People v Thomas,* 74 AD2d 317, 321, *affd* 53 NY2d 338). In addition, there is no indication that defendant ever moved to suppress the blood test results *(see,* CPL 710.70 [3]).

Nor are we persuaded by defendant's assertion that he was never apprised of the terms and conditions of probation *(see, People v Howland,* 108 AD2d 1019, 1020; *People v Stanton,* 96 AD2d 652). His probation officer expressly confirmed that he reviewed the terms with defendant and provided him with a copy when the probation period commenced. Moreover, the driving while intoxicated conviction constitutes a ground for revocation regardless of whether it was specified as a condi-

tion of probation *(see,* CPL 410.10 [2]; Vehicle and Traffic Law § 1192 [3], [5]).

Finally, since the sentence imposed was within the permissible statutory range, albeit the maximum authorized by law, we find no abuse of discretion in sentencing on the part of County Court.

Judgment affirmed. Main, J. P., Weiss, Mikoll, Yesawich, Jr., and Levine, JJ., concur.