(March 19, 1987)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RODNEY BAGLEY, Appellant.—Weiss, J. Appeal from a judgment of the County Court of Ulster County (Vogt, J.), rendered April 5, 1984, which revoked defendant's probation and imposed a sentence of imprisonment.

On January 10, 1979, defendant was sentenced to five years' probation on a conviction for burglary in the third degree. On December 17, 1983, approximately three weeks prior to the expiration of the probation term, defendant was placed under arrest on the basis of marihuana possession and two incidents in November 1983 in which he allegedly sold a controlled substance (codeine pills) to an undercover police informant. In February 1984, defendant entered a plea of guilty in Kingston City Court to criminal possession of a controlled substance in the seventh degree in full satisfaction of the pending charges and received a 90-day suspended sentence. In the meantime, a petition for violation of probation was filed premised on the above incidents. On March 5, 1984, defendant entered a plea of guilty to the probation violation and, one month later, was sentenced to a definite term of imprisonment of nine months, in accord with the negotiated plea agreement.

On this appeal, defendant maintains that the sentence was unduly harsh and that he failed to receive the effective assistance of counsel. This latter contention is premised on the assertion that defendant's attorney in the Kingston City Court matter failed to apprise him of the consequences of his guilty plea on the pending probation sentence. Beyond the fact that this argument is grounded on matters dehors the record, it simply represents a collateral challenge to a separate conviction, not the matter before us. With respect to the sentence, the record indicates that defendant served eight months' imprisonment prior to being released on his own recognizance pending this appeal. In the meantime, defendant represents that he has married, fathered a child and obtained full-time

employment. In effect, defendant requests this court to modify the sentence to time served, i.e., eight months.

There is little question that defendant received the benefit of his plea bargain when a nine-month sentence was imposed. Defendant has several previous criminal convictions, and his performance while on probation was less than remarkable. Consequently, we find no abuse of discretion on the part of the sentencing court (see, People v Howland, 108 AD2d 1019, 1020). At this juncture, however, we perceive little purpose in directing the completion of this sentence. Accordingly, we choose to exercise our discretion by modifying the sentence to a period commensurate with the time served (see, CPL 470.15; People v Cruickshank, 105 AD2d 325, 335, affd 67 NY2d 625; People v Whiting, 89 AD2d 694).

Judgment modified, as a matter of discretion in the interest of justice, by reducing the sentence imposed to time served, and, as so modified, affirmed. Mahoney, P. J., Kane, Main, Weiss and Levine, JJ., concur.