■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PAUL BRITTON, Appellant.—

Defendant contends that his probation was improperly re-

voked because the court did not give him a written copy of the conditions of probation at the time he was sentenced and because he was acquitted of the charges underlying the revocation. It was error for the court to fail to give defendant a written copy of the conditions of his probation so as to inform him explicitly of the conduct to be avoided *(see, People v Howland,* 108 AD2d 1019). Defendant's probation was properly revoked, nevertheless, based on his "[c]ommission of an additional offense" (CPL 410.10 [2]) without the need for defendant to have been notified of that condition. The fact that defendant was later acquitted of the underlying charges is irrelevant. The rules of evidence and the burden of proof in a probation revocation hearing are different from those in a criminal trial *(see,* CPL 410.70 [3]; *see also, People v Howland, supra; People v Morse,* 96 AD2d 654).

Because County Court erred in finding that defendant violated the oral conditions of his probation, we vacate the sentence and remand defendant to County Court, Onondaga County, for resentencing on the violation of CPL 410.10 (2) only. (Appeal from judgment of Onondaga County Court, Cunningham, J.—violation of probation; CPL art 440.) Present —Dillon, P. J., Denman, Green, Lawton and Davis, JJ.