■ The People of the State of New York, Respondent, v Wilbert J. Randolph, Appellant. [600 NYS2d 331] —Appeal from a judgment of the County Court of Ulster County (Vogt, J.), rendered November 19, 1990, which revoked defendant's probation and imposed a sentence of imprisonment.

Defendant was originally sentenced to six months in jail and five years' probation following his conviction of forgery in the second degree. Defendant was subsequently found to have violated the terms of his probation and upon the revocation of his probation was sentenced to 2⅓ to 7 years' imprisonment. On this appeal, defendant contends that a laboratory test result introduced to establish that defendant had violated his probation by testing positive for cocaine was erroneously introduced into evidence at the revocation hearing.

Hearsay evidence, while admissible if relevant, is insufficient in itself to support a finding of probation violation *(see, People v Raleigh,* 184 AD2d 869, *lv denied* 80 NY2d 908). Here, the evidence admitted to support the charge that defendant had tested positive for cocaine use was the laboratory test results and the testimony of defendant's probation officer that the results were positive, both of which are inadmissible hearsay absent a sufficient foundation establishing a business record exception to the hearsay rule *(see, People ex rel. Saafir v Mantello,* 163 AD2d 824). As no such foundation is evident in the record before this Court, the People have failed to meet their burden as to this charge. Defendant does not challenge the findings of probation violation in failing to keep appointments or to notify the Probation Department of his arrest and conviction for criminal use of drug paraphernalia in the first degree and refusing to cooperate with his probation officer. Given that we find insufficient evidence to support County Court's finding that defendant violated his probation by using cocaine, however, we vacate the sentence and remit for resen-

tencing based upon the remaining violation findings *(see, People v Britton,* 158 AD2d 932, *lv dismissed* 76 NY2d 785).

Mikoll, J. P., Mercure, Crew III and Mahoney, JJ., concur. Ordered that the judgment is modified, on the law, by reversing so much thereof as found that defendant had violated the term of probation prohibiting him from using illegal substances and sentencing him to a term of imprisonment; matter remitted to the County Court of Ulster County for resentencing; and, as so modified, affirmed.