■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LAWRENCE DIAZ, Appellant. [687 NYS2d 393] —Appeal by the defendant from (1) a judgment of the Supreme Court, Kings County (Aiello, J.), rendered June 29, 1995, convicting him of robbery in the second degree, upon a jury verdict, and imposing sentence, and (2) an amended judgment of the same court, also rendered June 29, 1995, revoking a sentence of probation previously imposed by the same court (Goldstein, J.), upon a finding that he had violated a condition thereof, and imposing a sentence of imprisonment upon his previous conviction of criminal possession of a weapon in the third degree.

Ordered that the judgment and amended judgment are affirmed.

The defendant's contention that the evidence was insufficient to establish his guilt beyond a reasonable doubt is unpreserved for appellate review (*see,* CPL 470.05 [2]; *People v Udzinski,* 146 AD2d 245). In any event, viewing the evidence in the light most favorable to the prosecution (*see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see,* CPL 470.15 [5]).

In making its *Sandoval* ruling, the trial court properly weighed the competing considerations and determined that the probative value of the acts concerning the defendant's tendency to place his self-interest above that of society outweighed any prejudice (*see, People v Bristow,* 234 AD2d 378).

The defendant's contention that he is entitled to a new trial because of improper comments made by the prosecutor during summation is, in part, unpreserved for appellate review (*see,* CPL 470.05 [2]; *People v Udzinski, supra*). In any event, this claim is without merit, as the prosecutor's remarks constituted permissible comment on the evidence and a fair response to the defense counsel's summation (*see, People v Galloway,* 54 NY2d 396; *People v Ashwal,* 39 NY2d 105; *People v D'Allesandro,* 184 AD2d 114; *People v Shepherd,* 176 AD2d 369, 370).

The defendant's sentence of probation was properly revoked (*see, People v Britton,* 158 AD2d 932).

The defendant's remaining contention is without merit. Bracken, J. P., Sullivan, Altman and McGinity, JJ., concur.