■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KIEWHON CANADY, Appellant. [690 NYS2d 702] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Flaherty, J.), rendered January 9, 1998, convicting him of criminal possession of a weapon in the third degree,

upon his plea of guilty, and imposing sentence. The appeal brings up for review the denial, after a hearing, of the branch of the defendant's omnibus motion which was to suppress physical evidence.

Ordered that the judgment is reversed, on the law and the facts, that branch of the defendant's omnibus motion which was to suppress physical evidence is granted, the indictment is dismissed, and the matter is remitted to the Supreme Court, Queens County, for the purpose of entering an order in its discretion pursuant to CPL 160.50.

On July 13, 1997, a warrant squad police officer went to an apartment in Far Rockaway to execute a bench warrant for a female who had been arrested for criminal sale of a controlled substance in the third degree. He was let into the apartment by the defendant. After letting the officer into the apartment, the defendant "backed away", walked behind an entertainment center in the room which was not obstructed from the officer's view, and put his hand in his "right side pants pocket". The officer thereupon simultaneously grabbed the defendant by the arm, turned him around, and frisked him. The officer felt the barrel of a weapon, pulled it out and arrested the defendant.

Contrary to the Supreme Court's determination, the defendant's conduct did not rise to the level of reasonable suspicion which would permit the police to forcibly stop and frisk him (*see, People v De Bour,* 40 NY2d 210). The defendant had no connection or relationship with the subject of the bench warrant and there was no report of any weapons in the apartment. There was no bulge in the defendant's clothing and the defendant never reached into his waistband, a common sanctuary for weapons. Under these circumstances, the branch of the defendant's omnibus motion which was to suppress the weapon should have been granted and the indictment dismissed (*see, People v Allen,* 109 AD2d 24; *People v Roberts,* 94 AD2d 237). Bracken, J. P., Santucci, McGinity and Feuerstein, JJ., concur.