■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KIRK HUDSON, Appellant. [692 NYS2d 614] —Appeal by the defendant from an amended judgment of the Supreme Court, Kings

County (Starkey, J.), rendered May 20, 1997, revoking a sentence of probation previously imposed by the same court upon a finding that he violated two conditions thereof, upon his admission and, in effect, after a hearing, respectively, and imposing a sentence of imprisonment upon his previous conviction of criminal possession of a weapon in the third degree.

Ordered that the amended judgment is modified, on the law, by vacating the sentence imposed thereon; as so modified, the amended judgment is affirmed and the matter is remitted to the Supreme Court, Kings County, for resentencing in accordance herewith.

The defendant pleaded guilty to criminal possession of a weapon in the third degree, in satisfaction of two indictments, and a sentence of probation was imposed. Thereafter, two specifications were filed against him charging him with violations of his probation. Specifically, it was alleged that the defendant failed to report to his probation officer, and that he had committed a burglary and related crimes, which were the subject of Indictment No. 8084/96.

On October 11, 1996, the defendant appeared in court and admitted only to the specification charging him with failing to report to his probation officer. Based on that admission, the defendant was found in violation of probation, and the matter was then adjourned for the purpose of resentencing. In the interim, the defendant proceeded to trial under Indictment No. 8084/96.

As correctly conceded by the People, the Supreme Court erred when, at the resentencing of the defendant on May 20, 1997, it adjudicated the defendant to be guilty of the second specification concerning the crimes charged under Indictment No. 8084/96, and resentenced him to an indeterminate term of two to six years imprisonment. Accordingly, the defendant's sentence is vacated and the matter is remitted to the Supreme Court for resentencing based solely on the specification charging him with a violation of probation based on failing to report to his probation officer. Bracken, J. P., O'Brien, Krausman and McGinity, JJ., concur.