THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MITCHELL NEWHIRK, Appellant. [719 NYS2d 119] —Appeal by the defendant from (1) a judgment of the Supreme Court, Queens County (Blumenfeld, J.), rendered January 20, 1999, convicting him of criminal possession of a weapon in the third degree and criminal possession of a controlled substance in the seventh degree, upon his plea of guilty, and imposing sentence, and (2) an amended judgment of the same court, rendered June 17, 1999, revoking a sentence of probation previously imposed by the same court, upon a finding that he had violated a condition thereof, upon his plea of guilty, and imposing sentence upon his previous convictions of criminal possession of a weapon in the third degree and criminal possession of a con-

trolled substance in the seventh degree. The appeal brings up for review the denial, after a hearing (McDonald, J.), of those branches of his omnibus motion which were to suppress physical evidence and statements he made to law enforcement authorities.

Ordered that the judgment and amended judgment are reversed, on the law, the defendant's plea is vacated, the branches of the omnibus motion which were to suppress physical evidence and statements he made to law enforcement authorities are granted, the indictment is dismissed, and the matter is remitted to the Supreme Court, Queens County, for the purpose of entering an order in its discretion pursuant to CPL 160.50.

The record at the hearing reveals that at approximately 11:15 P.M. on July 12, 1997, an undercover police officer in an unmarked police vehicle observed the defendant standing at a corner in Queens. During a $1\frac{1}{2}$-hour period, the officer observed the defendant walk to a vacant lot where other people were, and return to the corner, looking up and down the streets. Due to prior complaints that drugs were frequently sold in the area, and a statistical rise in bicycle-related robberies in the area, the officer believed that the defendant was involved in narcotics or some type of robbery.

At 12:45 A.M. on July 13, 1997, the officer saw the defendant standing in the vacant lot with two other people. A bicycle was also present, but the defendant was not holding it. Based upon these observations, the officer drove up, approached the defendant, and asked what was going on. In response, the defendant kept his hand in his pocket and stated that he was "just walking by." The officer noticed that the defendant and his friends seemed "very apprehensive" and, feeling "a little upset for [his] safety," the officer grabbed the defendant's hand which was still in his pocket. Upon feeling bullets in the pocket, the officer pulled the defendant's hand out and recognized narcotics packaging. In front of the precinct after the arrest, the officer told the defendant that a strip-search would be conducted and, in response, the defendant stated that he had a gun in his sock.

Contrary to the finding of the hearing court, the observations made by the police officer before he approached the defendant gave rise only to the right to request information, and failed to provide any basis for exercising the common-law right of inquiry (*see, People v De Bour,* 40 NY2d 210, 223; *see also, People v Carrasquillo,* 54 NY2d 248; *People v Sobotker,* 43 NY2d 559, 564; *People v Howard,* 147 AD2d 177, 179-180).

In addition, after approaching the defendant and asking him a question, the defendant's response failed to provide any reasonable suspicion permitting the officer to forcibly stop and frisk him (*see, People v Carrasquillo, supra,* at 254; *People v Prochilo,* 41 NY2d 759, 761-762; *People v De Bour, supra*; *see also, People v Diaz,* 81 NY2d 106, 109-114). Under these circumstances, those branches of the defendant's omnibus motion which were to suppress physical evidence and statements he made should have been granted, and the indictment dismissed (*see, People v Canady,* 261 AD2d 631). Krausman, J. P., Friedmann, H. Miller and Feuerstein, JJ., concur.