■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DAVID E. WELCH, Appellant. [865 NYS2d 151]—

Kavanagh, J. Appeal from a judgment of the County Court of Warren County (Hall, Jr., J.), rendered August 1, 2007, which revoked defendant's probation and imposed a sentence of imprisonment.

On May 22, 2002, defendant pleaded guilty to driving while intoxicated, a class E felony, and was sentenced to five years of probation. The terms of his probation were amended by consent to require defendant to sign a drug treatment contract which outlined his obligations, including the requirement that he "participate diligently" in a drug treatment program, and stipulated that his termination from such a program would result in the imposition of a prison sentence of $1^{1}/_{3}$ to 4 years. On May 10, 2007—less than two weeks before defendant's five-year term of probation was scheduled to expire—the Warren County Probation Department filed a petition alleging that defendant had violated the terms of his probation by failing to complete "all of the requirements, responsibilities and directives of the Warren County Drug Treatment Court." As a result, County Court issued a declaration of delinquency that served to toll the five-year period of probation. An amended petition was subsequently filed, which alleged that defendant had also violated the terms of his probation by failing to report to his probation officer on June 4, 2007. After a hearing, County Court found that defendant had violated the terms of his probation and, as a result, revoked his probation and resentenced defendant to a prison term of $1^{1}/_{3}$ to 4 years. Defendant now appeals.

Initially, we find no merit to defendant's challenge to the validity of the declaration of delinquency. It was issued in compliance with CPL 410.30 and was based upon information set forth by defendant's probation officer in the violation petition. Furthermore, the petition, amended petition and detailed letter

from the People delineating defendant's offending conduct provided defendant with ample notice of the nature of the allegations that had been made against him (*see* CPL 410.30, 410.70 [2]). The filing of the declaration of delinquency on May 10, 2007—before defendant's period of probation had, in fact, expired—served to toll the period that defendant was required to remain on probation and, as a result, defendant was still on probation when he failed to report to his probation officer on June 4, 2007 (*see* Penal Law § 65.15 [2]; *People v Mills*, 45 AD3d 892, 895 [2007], *lv denied* 9 NY3d 1036 [2008]; *People v Shabazz*, 12 AD3d 782, 783 [2004]). His failure to timely appear for this appointment with his probation officer constituted a significant violation of the terms of his probation and provided ample support for County Court's decision to terminate probation (*see People v Provost*, 35 AD3d 899, 900 [2006]; *People v Walts*, 34 AD3d 1043, 1043 [2006], *lv denied* 8 NY3d 850 [2007]).*

However, inasmuch as defendant successfully completed all but 11 days of his five-year probation term, we find, on these facts, that the imposition of a prison sentence of 1⅓ to 4 years is overly harsh and it is appropriate to reduce the sentence in the interest of justice to the legally minimum prison term of 1 to 3 years (*see* CPL 470.15 [2] [c]; [6] [b]).

Cardona, P.J., Peters, Rose and Stein, JJ., concur. Ordered that the judgment is modified, as a matter of discretion in the interest of justice, by reducing the sentence imposed to 1 to 3 years, and, as so modified, affirmed, and matter remitted to the County Court of Warren County for further proceedings pursuant to CPL 460.50 (5).

---

* We agree with defendant that the initial petition's stated violation—that defendant failed to timely complete the drug program—would have been insufficient, by itself, to support a termination of his probation. This is especially true since the petition did not allege that defendant was in any way responsible for not completing the drug treatment program prior to the expiration of his period on probation. However, the filing of the declaration of delinquency automatically tolled the probationary period and defendant's subsequent failure to meet with his probation officer fell within the probationary period and, as such, was properly included in the amended petition.