# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

406

KA 14-00521

PRESENT: SMITH, J.P., VALENTINO, WHALEN, AND DEJOSEPH, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                                    MEMORANDUM AND ORDER

STEVEN ROBINSON, DEFENDANT-APPELLANT.

---

TIMOTHY P. DONAHER, PUBLIC DEFENDER, ROCHESTER (DAVID R. JUERGENS OF COUNSEL), FOR DEFENDANT-APPELLANT.

SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (DANIEL GROSS OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Supreme Court, Monroe County (Alex R. Renzi, J.), rendered March 7, 2014. The judgment revoked defendant's sentence of probation and imposed a sentence of imprisonment.

It is hereby ORDERED that the judgment so appealed from is unanimously modified on the law by vacating the sentence, and as modified the judgment is affirmed and the matter is remitted to Supreme Court, Monroe County, for resentencing in accordance with the following memorandum: Defendant appeals from a judgment revoking the sentence of probation previously imposed upon his conviction of attempted burglary in the second degree (Penal Law §§ 110.00, 140.25 [2]), and convicting him of violating the terms and conditions of his probation. After being placed on probation, defendant was arrested and subsequently arraigned on a new indictment charging him with, inter alia, criminal possession of a weapon in the second degree (§ 265.03 [3]), and criminal possession of marihuana in the fifth degree (§ 221.10 [2]). He was also arraigned on an information for delinquency alleging that he violated the terms of his probation. The information for delinquency alleged that he possessed a loaded weapon and marihuana in November 2013, and that he also violated the terms of his probation because he failed to report, failed to pay a fine and surcharge, and consumed alcoholic beverages and marihuana on several occasions while he was on probation.

Supreme Court conducted a combined *Mapp* and violation of probation hearing and then suppressed the marihuana, handgun and ammunition seized from defendant's house and person in November 2013. The court also concluded, however, that defendant violated the terms of his probation by possessing the contraband that the court suppressed, as well as by violating the other terms of his probation, as alleged in the information for delinquency. The court sentenced

defendant to a determinate term of three years' incarceration plus three years of postrelease supervision.

We agree with defendant that the court erred in using the unconstitutionally seized evidence as a basis upon which to revoke defendant's probationary sentence. The Court of Appeals has "recognized . . . that a probationer loses some privacy expectations and some part of the protections of the Fourth Amendment, but not all of both" (*People v Hale*, 93 NY2d 454, 459), and "that a person on parole, although legally in custody and subject to supervision, is nevertheless constitutionally entitled to protection against unreasonable searches and seizures. A person on probation, subject to similar restraints (*see* CPL 410.50, subds. 1, 2)[,] should be similarly protected" (*People v Jackson*, 46 NY2d 171, 174). Furthermore, with respect to evidence that was illegally seized from a person under a revocable disposition, "the Court of Appeals has applied the New York constitution to suppress such evidence at a parole revocation hearing . . . , and it would seem to follow *a fortiori* that such evidence would not be admissible at a probation violation hearing, which is even closer to a criminal action than a parole violation hearing" (Peter Preiser, Practice Commentaries, McKinney's Cons Laws of NY, Book 11A, CPL 410.70 at 126). Here, the court concluded that the stop and search of defendant and his home were violative of defendant's rights under the Constitutions of New York and the United States. Consequently, the court erred in relying upon the evidence seized as a result of those improper searches to conclude that defendant violated a condition of his probation (*see generally People v Newhirk*, 279 AD2d 535, 535-537).

Nevertheless, defendant does not challenge on appeal the court's further findings that he engaged in other actions that violated his probation, including failing to appear for a probation appointment and consuming alcohol and marihuana, and we thus do not disturb the court's determination that he violated the terms of his probation based on those other actions (*see People v Welch*, 55 AD3d 952, 953). We therefore modify the judgment by vacating the sentence, and we remit the matter to Supreme Court for resentencing based only on those other actions (*see People v Hudson*, 263 AD2d 545, 546; *People v Randolph*, 195 AD2d 699, 699-700; *see generally People v Britton*, 158 AD2d 932, 933, *lv dismissed* 86 NY2d 785).

Entered:  May 8, 2015                          Frances E. Cafarell
                                               Clerk of the Court