*1465 a fine and surcharge, and consumed alcoholic beverages and marihuana on several occasions while he was on probation.
Supreme Court conducted a combined Mapp and violation of probation hearing and then suppressed the marihuana, handgun and ammunition seized from defendant’s house and person in November 2013. The court also concluded, however, that defendant violated the terms of his probation by possessing the contraband that the court suppressed, as well as by violating the other terms of his probation, as alleged in the information for delinquency. The court sentenced defendant to a determinate term of three years’ incarceration plus three years of postrelease supervision.
We agree with defendant that the court erred in using the unconstitutionally seized evidence as a basis upon which to revoke defendant’s probationary sentence. The Court of Appeals has “recognized . . . that a probationer loses some privacy expectations and some part of the protections of the Fourth Amendment, but not all of both” (People v Hale, 93 NY2d 454, 459 [1999]), and “that a person on parole, although legally in custody and subject to supervision, is nevertheless constitutionally entitled to protection against unreasonable searches and seizures. A person on probation, subject to similar restraints (see CPL 410.50, subds 1, 2)[,] should be similarly protected” (People v Jackson, 46 NY2d 171, 174 [1978]). Furthermore, with respect to evidence that was illegally seized from a person under a revocable disposition, “the Court of Appeals has applied the New York constitution to suppress such evidence at a parole revocation hearing . . . , and it would seem to follow a fortiori that such evidence would not be admissible at a probation violation hearing, which is even closer to a criminal action than a parole violation hearing” (Peter Preiser, Practice Commentaries, McKinney’s Cons Laws of NY, Book 11A, CPL 410.70 at 126). Here, the court concluded that the stop and search of defendant and his home were violative of defendant’s rights under the Constitutions of New York and the United States. Consequently, the court erred in relying upon the evidence seized as a result of those improper searches to conclude that defendant violated a condition of his probation (see generally People v Newhirk, 279 AD2d 535, 535-537 [2001]).
Nevertheless, defendant does not challenge on appeal the court’s further findings that he engaged in other actions that violated his probation, including failing to appear for a probation appointment and consuming alcohol and marihuana, and we thus do not disturb the court’s determination that he violated the terms of his probation based on those other ac *1466 tions (see People v Welch, 55 AD3d 952, 953 [2008]). We therefore modify the judgment by vacating the sentence, and we remit the matter to Supreme Court for resentencing based only on those other actions (see People v Hudson, 263 AD2d 545, 546 [1999]; People v Randolph, 195 AD2d 699, 699-700 [1993]; see generally People v Britton, 158 AD2d 932, 933 [1990], lv dismissed 76 NY2d 785 [1990]). Present — Smith, J.P., Valentino, Whalen and DeJoseph, JJ.