People v Bailey (2020 NY Slip Op 01814)





People v Bailey


2020 NY Slip Op 01814


Decided on March 13, 2020


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 13, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CENTRA, J.P., CARNI, LINDLEY, CURRAN, AND TROUTMAN, JJ.


1199 KA 19-01229

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
COREY R. BAILEY, DEFENDANT-APPELLANT. 






MATTHEW ALBERT, BUFFALO, FOR DEFENDANT-APPELLANT. 
JOHN J. FLYNN, DISTRICT ATTORNEY, BUFFALO (DANIEL J. PUNCH OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Erie County Court (Suzanne Maxwell Barnes, J.), rendered May 22, 2019. The judgment revoked defendant's sentence of probation and imposed a sentence of imprisonment. 
It is hereby ORDERED that the judgment so appealed from is unanimously modified on the law by vacating the sentence and as modified the judgment is affirmed and the matter is remitted to Erie County Court for resentencing in accordance with the following memorandum: Defendant was convicted in 2018 upon his plea of guilty of criminal contempt in the first degree (Penal Law § 215.51 [c]) and sentenced, inter alia, to a term of probation. The conditions of defendant's probation required him, as relevant here, to lead a law-abiding life and to pay the imposed mandatory surcharge within 60 days of the sentence. In October 2018, defendant's probation officer filed an affidavit alleging that defendant violated the condition of his probation requiring him to lead a law-abiding life inasmuch as he was rearrested in September 2018 in connection with an apparent dispute with his former girlfriend who, at that time, had an order of protection against him. The probation officer thereafter filed an addendum to her affidavit, in which she alleged that, in addition to committing the above violation, defendant also violated the terms of his probation by failing to pay the mandatory surcharge in full within the requisite time period. Defendant now appeals from a judgment, entered after a violation of probation hearing, revoking the sentence of probation on the 2018 conviction and sentencing him to an indeterminate term of 1 to 3 years' imprisonment.
It is well settled that a "violation of probation proceeding is summary in nature and a sentence of probation may be revoked if the defendant has been afforded an opportunity to be heard" (People v Travis, 156 AD3d 1399, 1399 [4th Dept 2017], lv denied 30 NY3d 1120 [2018] [internal quotation marks omitted]). The People bear the burden of establishing the alleged violation by a preponderance of the evidence, i.e., "the necessary residuum of competent legal evidence' that defendant violated a condition of his probation" (People v Robinson, 147 AD3d 1351, 1351 [4th Dept 2017], lv denied 29 NY3d 1085 [2017]; see People v Pringle, 72 AD3d 1629, 1630 [4th Dept 2010], lv denied 15 NY3d 855 [2010]). Further, "the decision to revoke [a defendant's] probation will not be disturbed, [absent a] clear abuse of discretion" (People v Bergman, 56 AD3d 1225, 1225 [4th Dept 2008], lv denied 12 NY3d 756 [2009] [internal quotation marks omitted]). Here, County Court determined that the People established, by a preponderance of the evidence, that defendant violated two conditions of his probation, i.e., he failed to live a law-abiding life inasmuch as he violated the order of protection in favor of his former girlfriend, and he failed to pay the surcharge within the requisite time period.
Under the circumstances of this case, we agree with defendant that the People failed to meet their burden of establishing, by a preponderance of the evidence, that defendant violated the condition of probation requiring him to live a law-abiding life (see generally CPL 410.70 [3]; People v Paris, 145 AD3d 1530, 1531 [4th Dept 2016]; People v Braun, 177 AD2d 981, 981 [4th Dept 1991]) because the evidence presented at the hearing failed to establish that defendant [*2]engaged in conduct that was prohibited by the terms of the order of protection (see Braun, 177 AD2d at 981; see also People v Johnson, 173 AD3d 1446, 1448 [3d Dept 2019]; Matter of Dennis, 19 AD2d 579, 579 [4th Dept 1963]). Consequently, we conclude that the court erred insofar as it based its determination to revoke defendant's probation on defendant's alleged violation of that condition.
Contrary to defendant's further contention, however, we conclude that the court did not err in revoking his probation based on his failure to pay the surcharge within the time required by the terms of his probation. As an initial matter, defendant failed to preserve for our review his contention that the court failed to conduct a sufficient inquiry into his ability to pay the surcharge (see People v Dillon, 90 AD3d 1468, 1468-1469 [4th Dept 2011], lv denied 19 NY3d 1025 [2012]; see generally People v Swick, 147 AD3d 1346, 1346 [4th Dept 2017], lv denied 29 NY3d 1001 [2017]). Moreover, defendant does not dispute that he failed to pay the surcharge in full within 60 days of the sentence as required by the terms of his probation, and the court was entitled to discredit defendant's allegation that he had been granted additional time to make the required payments (see People v Fusco, 91 AD3d 984, 985 [3d Dept 2012]). We therefore modify the judgment by vacating the sentence, and we remit the matter to County Court for resentencing based solely on defendant's actions in violating his probation by failing to timely pay the surcharge in full (see People v Robinson, 128 AD3d 1464, 1466 [4th Dept 2015]).
Entered: March 13, 2020
Mark W. Bennett
Clerk of the Court